Andrew J. DAVIDSON and Jill A. Davidson, Plaintiffs,

v.

DEAN WITTER REYNOLDS, INC., a Delaware Corporation and Frank Hayford, Defendants.

Civ. A. No. 79–K–429.

United States District Court, D. Colorado.

Oct. 24, 1979.

Leland S. Huttner, Denver, Colo., for plaintiffs.

William G. Imig, Gregory A. Loken, Ireland, Stapleton & Pryor, P.C., Denver, Colo., for defendants.

ORDER

KANE, District Judge.

The above-entitled securities action is currently before the court on defendants'

Motion to Dismiss. Defendants' motion is based on two grounds, the first being that the securities here involved are exempt from regulation by the federal securities laws, and the second being that this court lacks subject matter jurisdiction over plaintiff's state law claims. These matters will be resolved in the same order in which defendants have presented them.

■ Government National Mortgage Association certificates and municipal bonds are "exempted securities" under Section 3(a)(2) of the 1933 Securities Act, 15 U.S.C. § 77c(a)(2). As to the former, also *see* 12 U.S.C. § 1723c. In addition, while there are some exceptions to certain exempt status, Section 12(2) of the 1933 Securities Act, 15 U.S.C. § 77*l*(2), by its own terms does not apply to securities exempted by Section 3(a)(2) of that Act. Section 12(2) states in relevant part: "Any person who—(2) offers or sells a security (*whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section*), . . . ." 15 U.S.C. § 77 *l*(2) (emphasis added). Accordingly, defendants' motion to dismiss plaintiffs' first claim for relief, as set forth in their Amended Complaint, is granted.

■ This exemption from certain requirements of the 1933 Securities Act does not, however, extend to the anti-fraud provisions of the 1934 Exchange Act. *See* 15 U.S.C. §§ 78a *et seq.* The reference to "exempted securities" in Section 3(a)(12) of the 1934 Act is only a definitional one, defining that term for those purposes where it appears in that Act. Section 10(b) of the 1934 Exchange Act, 15 U.S.C. § 78j(b) contains no such exemption. Instead, Section 10(b) makes it unlawful for "*any person*, directly or indirectly, . . . (b) To use or employ, in connection with the purchase or sale of *any security* . . .," any manipulative or deceptive device or contrivance . . . ." 15 U.S.C. § 78j (emphasis added).

■ The Tenth Circuit has recognized that exemption provisions in one of the above-mentioned securities acts "must refer to those [securities] exempt under that Act—not those exempt under the [other] Act." *Associated Securities Corp. v. Securities and Exchange Commission*, 293 F.2d 738, 741 (10th Cir. 1961). The Seventh Circuit has said more recently, in *Daniel v. International Brotherhood of Teamsters, Chauffeurs, etc.*, 561 F.2d 1223, 1247–48 (7th Cir. 1977):

> [Defendants] confuse the requirements of the 1933 Act's registration provisions with the anti-fraud provisions of the 1933 and 1934 Acts. The registration provisions are designed to assure that investors will be furnished with all material information concerning an informed investment decision. . . . In contradistinction, the anti-fraud provisions do not establish an affirmative disclosure system requiring the filing of documents. Rather the anti-fraud provisions are essentially a generalized self-executing prohibition against fraudulent activity. . . .
>
> The fact that the SEC has historically advocated a hands-off approach to the regulation of pension plans with respect to disclosure requirements holds no brief for exempting pension plans from the anti-fraud provisions of the securities acts. . . . Although banks and life insurance companies are subject to stringent regulation, bank securities and insurance variable annuities and flexible funds are subject to the anti-fraud rules of the securities acts, even though they are sometimes exempt from the registration regulations of the acts. [Footnotes and citations omitted.]

In short, exemption from registration and other requirements of the 1933 Act does not protect a seller from the anti-fraud provisions of the 1934 legislation. *See, e. g., Sohns v. Dahl*, 392 F.Supp. 1208, 1218–19 (W.D.Va.1975); *Welch Foods, Inc. v. Goldman, Sachs & Co.*, 398 F.Supp. 1393, 1399 (S.D.N.Y.1974); and *Baron v. Shields*, 131 F.Supp. 370, 372 (S.D.N.Y.1954). It would hardly comport with public policy if a seller could immunize his fraudulent conduct by carefully dealing only in exempted securi-

ties.[1] Accordingly, defendants' motion to dismiss plaintiffs' second claim for relief, as set forth in their Amended Complaint, is denied.

Plaintiffs originally asserted their state law claims on the basis of pendent jurisdiction. When defendants filed their first motion to dismiss, plaintiffs—before any decision by the court—filed an amended complaint and asserted their state law claims only against defendant Dean Witter Reynolds, Inc., on the basis of diversity of citizenship. Defendants again moved to dismiss, a new ground being that complete diversity was lacking, since plaintiffs and defendant Frank Hayford are all Colorado citizens.

■ The court does not reach the question whether there is diversity jurisdiction in this case. Plaintiffs have asserted federal claims against defendant "Dean Witter" and against Frank Hayford. There is no dispute that these claims correctly rest on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. In addition to these federal claims, plaintiffs have asserted three state law claims against defendant Dean Witter Reynolds, Inc. As to this defendant there is established federal question jurisdiction, and the "pendent" claims arise from the same nucleus of operative facts as those on which the federal claims are asserted. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Such circumstances provide the court with pendent jurisdiction, and that jurisdiction will be exercised here.[2] Accordingly,

IT IS ORDERED that defendants' motion to dismiss plaintiffs' first claim for relief is granted, and that defendants' motion to dismiss plaintiffs' second claim for relief is denied, each party to bear his, her or its own costs.

IT IS FURTHER ORDERED that this Court has jurisdiction over plaintiffs' third, fourth and fifth claims for relief and that defendants' motion to dismiss for lack of subject matter jurisdiction is denied, each party to bear his, her or its own costs.

---

1. The Supreme Court encountered no difficulty in applying Section 10(b) to fraudulent dealings in United States Treasury Bonds, in *Superintendent of Insurance of the State of New York v. Bankers Life and Casualty Co.*, 404 U.S. 6, 8–9, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971), even though such bonds would presumably be exempt from the registration requirements of the 1933 Securities Act.

2. This is not the situation which the Supreme Court addressed in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), and that case is therefore inapposite.