Derral SCHRODER and Gladys F. Schroder, Plaintiffs,

v.

Paul VOLCKER, Chairman of the Federal Reserve Board, et al., Defendants.

Civ. A. No. 85–C–2650.

United States District Court, D. Colorado.

Oct. 15, 1986.

Roger C. Elletson, Elletson, Doby & Felde, Cheyenne, Wyo., for plaintiffs.

Richard J. Nolan, Sp. Asst. U.S. Atty., Charles M. Johnson, Jack L. Smith, Holland & Hart, Denver, Colo., for defendants.

## ORDER

CARRIGAN, Judge.

On or about January 29, 1985, either the defendant Federal Land Bank of Wichita, Kansas, or the defendant Federal Land Bank Association of Lamar, Colorado, commenced foreclosure proceedings on the plaintiffs' property. Plaintiffs subsequently brought this action alleging numerous claims against the defendants. Defendants have moved to dismiss the action. The parties have thoroughly briefed all issues and oral argument would not materially assist my decision. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1334.

Plaintiffs are stockholders in and borrowers from various defendant farm credit institutions. Defendants can be divided into two groups: (1) The farm credit defendants are affiliated with the Farm Credit System. They are the Board of Directors of the Ninth Farm Credit District, Sam G. Eberly, the Federal Land Bank of

Wichita, Jack Perry, the Federal Land Bank Association of Lamar, Alton B. Warren, the Federal Intermediate Credit Bank of Wichita, the Farm Credit Center Servicing of Southeast Colorado (formerly the Production Credit Association of LaJunta, Colorado) and Charles Armstrong. (2) The federal defendants are affiliated with the Federal Reserve System. They are Paul Volcker, the Board of Governors of the Federal Reserve System, the Federal Reserve Bank of Kansas City-Denver Branch, Wayne M. Martin, the Federal Reserve Bank of Chicago, Silas Keehn, John W. Gabbert, Barry F. Sullivan, O.J. Tomson and Donald E. Wilkinson. The complaint is unclear as to whether the defendants are being sued in their individual capacities, official capacities, or both. For purposes of this motion, I will assume that they are being sued in both capacities.

The farm credit defendants move to dismiss the plaintiffs' complaint arguing that it fails to state a claim upon which relief can be granted. The farm credit defendants also seek attorneys' fees and costs. The federal defendants move to dismiss the plaintiffs' complaint on several grounds, including the argument that the complaint fails to state a claim upon which relief can be granted. Because the plaintiffs' complaint fails to state a claim upon which relief can be granted, I will not address the other issues raised by the federal defendants' motion to dismiss.

On a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff. 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 594 (1969). The court should not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Plaintiffs allege in their first claim for relief that the defendants violated 7 U.S.C. § 2266. Defendants assert that the statute does not create a private right of action in favor of the plaintiffs.

The central inquiry in determining whether a private remedy is implicit in a statute is "whether Congress intended to create, ... a private cause of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979). Courts traditionally consider three factors:

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," ... that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975). (*Id.* 442 U.S. at 575, 99 S.Ct. at 2489.)

Here, 7 U.S.C. § 2266 does not expressly grant a federal right in favor of the plaintiffs. Nor does its legislative history indicate whether it creates a private right of action. Moreover, 7 U.S.C. § 2266 does not proscribe any conduct as unlawful. My inquiry must end there. *See Touche Ross & Co.*, 442 U.S. at 576, 99 S.Ct. at 2489. I cannot hold that Congress either expressly or by implication intended to create a private right of action under 7 U.S.C. § 2266. Accordingly, the plaintiffs' first claim for relief fails to state a claim upon which relief can be granted.

■ Plaintiffs allege in their second claim for relief that the defendants violated a provision of the Farm Credit Act, 12 U.S.C. § 2001. Courts have consistently held, however, that Congress did not intend to create a private right of action under the Farm Credit Act. *Bowling v. Block*, 785 F.2d 556 (6th Cir.1986); *Smith v. Russellville Production Credit Association.*, 777 F.2d 1544, 1546–48 (11th Cir.1985); *Farmer v. Wilkinson*, No. 4-85-1448, slip op. at 7–8 (D.Minn. March 20, 1986 [Available on WESTLAW, DCTU database]); *Apple v.*

*Miami Valley Production Credit Association.*, 614 F.Supp. 119, 120–23 (S.D.Ohio 1985). I agree with these decisions. Therefore, the plaintiffs' second claim for relief fails to state a claim under 12 U.S.C. § 2001.

■ Plaintiffs allege in their third claim for relief that the defendants violated RICO, 18 U.S.C. §§ 1961 *et seq.*, through collection of an unlawful debt and by means of mail and wire fraud. A plaintiff bringing a RICO claim must allege that the defendant, through the commission of acts constituting a pattern of racketeering activity, directly or indirectly participated in an "enterprise," the activities of which affected interstate or foreign commerce. *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2nd Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); *Saine v. A.I.A., Inc.*, 582 F.Supp. 1299, 1302 (D.Colo.1984); 18 U.S.C. § 1962(a)-(c). The alleged enterprise cannot be the same as the RICO defendant. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.1984); *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190–91 (4th Cir. 1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Lee v. Anderson*, No. 86–C–233, slip op. at 5–6 (D.Colo. April 21, 1986).

■ Here, the plaintiffs have not alleged that any defendant was associated with an enterprise other than the banks named as defendants in this action. Moreover, the plaintiffs have not alleged any facts to support their claim that the debt was unlawful under 18 U.S.C. § 1961. Nor have the plaintiffs alleged facts to show that the federal defendants have devised or intended to devise a scheme to defraud in violation of the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343. Therefore, the plaintiffs have failed to state a claim under RICO.

■ Plaintiffs assert in their fourth claim for relief that the defendants violated 42 U.S.C. § 1983 by using the foreclosure laws of the state of Colorado to deprive the plaintiffs of their property. "Title 42

U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ...'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 925, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982). State action occurs when the defendants are state actors or when the defendants use state legal procedures which allow state officials to attach property on an *ex parte* application. *Id.* at 943, 102 S.Ct. at 2756–57; *Earnest v. Lowentritt*, 690 F.2d 1198, 1201 (5th Cir.1982). A private party's misuse of a state statute, standing alone, does not constitute conduct that can be attributed to the state. *Id.*

■ Here, the plaintiffs do not allege that the defendants were state actors or that the foreclosure laws of the state of Colorado permitted state officials to sell the plaintiffs' property without first giving notice to the plaintiffs and the opportunity for the plaintiffs to contest the seizure and sale of their property. Therefore, the plaintiffs have failed to allege that the defendants acted under color of state law as required by 42 U.S.C. § 1983.

■ Plaintiffs also assert in their fourth claim for relief that the defendants violated 42 U.S.C. § 1985. I am assuming that the plaintiffs are asserting a claim under 42 U.S.C. § 1985(3), since §§ 1985(1) and (2) do not seem to apply to this case. A plaintiff bringing a claim under 42 U.S.C. § 1985(3) must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Plaintiffs do not allege this in their complaint. Plaintiffs assert in their "Memorandum in Support of Farm Credit Defendants' Motion to Dismiss" that the family farmers of America, including the plaintiffs, constitute a political class. Assuming that the family farmers of America constitute a class, animus directed against them would be motivated by their economic status rather than their political or racial sta-

tus. Section 1985(3), however, does not reach "conspiracies motivated by bias towards others on account of their *economic* views, status, or activities." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO v. Scott,* 463 U.S. 825, 837, 103 S.Ct. 3352, 3361, 77 L.Ed.2d 1049 (1983). Therefore, the plaintiffs' § 1985(3) claim fails to state a claim upon which relief can be granted.

■ Finally, the plaintiffs assert in their fourth claim for relief that the defendants violated 42 U.S.C. § 1988. Since the plaintiffs have failed to state a claim under §§ 1983 or 1985(3), the plaintiffs are not entitled to the relief that is provided in 42 U.S.C. § 1988.

■ Plaintiffs assert in their fifth claim for relief that the defendants violated the federal antitrust laws, 15 U.S.C. §§ 1 *et seq.*, asserting that the Federal Reserve System has a monopoly on the issuance and control of the nation's money, and the farm credit defendants are de facto and de jure agents of the Federal Reserve System. No violation of the antitrust laws exists, however, "where a restraint upon trade or monopolization is the result of valid governmental action, as opposed to private action." *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 136, 81 S.Ct. 523, 529, 5 L.Ed.2d 464 (1961); *Jet Courier Services, Inc. v. Federal Reserve Bank of Atlanta,* 713 F.2d 1221, 1228–29 (6th Cir.1983); *Sea-Land Service, Inc. v. Alaska Railroad,* 659 F.2d 243 (D.C.Cir.1981), *cert. denied,* 455 U.S. 919, 102 S.Ct. 1274, 71 L.Ed.2d 459 (1982); *E.W. Wiggins Airways, Inc. v. Massachusetts Port Authority,* 362 F.2d 52 (1st Cir.1966), *cert. denied,* 385 U.S. 947, 87 S.Ct. 320, 17 L.Ed.2d 226; *City of Loudon, Tennessee v. Tennessee Valley Authority,* 585 F.Supp. 83 (E.D.Tenn.), *aff'd,* 754 F.2d 372 (6th Cir.1984); *Medical Association of State of Alabama v. Schweiker,* 554 F.Supp. 955, 965–66 (M.D.Ala.), *aff'd,* 714 F.2d 107 (11th Cir.1983). Thus, in *Jet Courier Services, Inc.,* 713 F.2d 1221, the Sixth Circuit held that the Federal Reserve System may not be sued under the federal antitrust laws. *Id.* at 1228–29. Similarly,

"agents" of the Federal Reserve System are exempt from the federal antitrust laws. *See Sea-Land Service, Inc.,* 659 F.2d at 244 (appellants could not maintain an action against the Alaska Railroad and the United States agencies and officers that supervise its operation); *E.W. Wiggins Airways, Inc.,* 362 F.2d at 56 (private defendants who aided a governmental authority did not violate the antitrust laws); *Medical Association of the State of Alabama,* 554 F.Supp. at 965–66 (M.D.Ala.1983) (private parties are exempt from the prohibitions of the antitrust laws to the extent that "they are acting at the direction or with the consent of federal agencies"). Accordingly, the plaintiffs have failed to state a claim under the federal antitrust laws.

Plaintiffs assert in their sixth claim for relief that the defendants violated the Securities Act of 1933, 15 U.S.C. §§ 77a *et seq.*, because the Federal Land Bank of Wichita did not file a registration statement or distribute a prospectus before it sold stock in the Federal Land Bank Association to the plaintiffs. The applicable statute, 15 U.S.C. § 77c(a)(2), exempts from the requirements of the Securities Act of 1933 "[a]ny security issued ... by any person [1] controlled or supervised by and [2] acting as an instrumentality of the Government of the United States pursuant to authority granted by the Congress of the United States."

■ Here, the federal land banks and the federal land bank associations are supervised by the Farm Credit Administration, 12 U.S.C. §§ 2252; H.R.Rep. No. 1287, 96th Cong., 2nd Sess. 17 (1980), U.S.Code Cong. & Admin.News 1980, p. 7095, which is "an independent agency in the executive branch of the government." 12 U.S.C. § 2241. In addition, the federal land banks and the federal land bank associations are federally chartered instrumentalities of the United States. *Farmer v. Wilkinson,* No. 4–85–1448, slip op. at 9 (D.Minn. March 20, 1986); *Dikeman v. Wilkinson,* No. CV85–L–673, slip op. at 4 (D.Neb. Feb. 21, 1986); [available on WESTLAW, DCTU database]; 12 U.S.C. §§ 2011 (banks) and 2031 (associ-

ations). Therefore, the securities issued in this case meet the § 77c(a)(2) exemption, and the plaintiffs have failed to state a claim under the Securities Act of 1933.

■ Plaintiffs assert in their seventh claim for relief that the defendants violated the Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.* The Truth-in-Lending Act does not apply, however, to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes,...." *Farmer v. Wilkinson,* No. 4–85–1448, slip op. at 10 (D.Minn. March 20, 1986) [available on WESTLAW, DCTU database]; *Podolak v. Volcker,* No. C85–0456–B1, slip op. at 3–4 (D.Wyo. Feb. 24, 1986) [available on WESTLAW, DCTU database]; *Bowling v. Block,* 602 F.Supp. 667, 671 (S.D.Ohio 1985), *aff'd,* 785 F.2d 556 (6th Cir.1986); 15 U.S.C. § 1603(1). Construing the pleadings in the light most favorable to the plaintiffs, the transactions in this case involved extensions of credit primarily for agricultural purposes. Therefore, the plaintiffs have failed to state a claim under the Truth in Lending Act.

■ Plaintiffs allege in various paragraphs of their complaint that the Federal Land Bank Association of Lamar breached fiduciary duties owing to the plaintiffs. If the plaintiffs are asserting that the defendants breached fiduciary duties arising from the Farm Credit Act, the plaintiffs cannot litigate this claim because Congress did not create a private right of action under the Farm Credit Act. *Supra,* page 134–135. Nor can the plaintiffs support a claim based on the federal common law, because the federal common law does not impose a fiduciary duty on Federal Land Bank Associations. *Farmer v. Wilkinson,* No. 4–85–1448, slip op. at 8 (D.Minn. March 20, 1986) [available on WESTLAW, DCTU database]; *Dikeman v. Wilkinson,* No. CV85–L–673, slip op. at 3 (D.Neb. Feb. 21, 1986) [available on WESTLAW, DCTU database]; *cf. Boyster v. Roden,* 628 F.2d 1121 (8th Cir.1980) (federal common law does not impose a fiduciary duty on production credit associations). To the extent that the plaintiffs seek to state a claim under state law, I lack jurisdiction to hear the claim because I hold that the plaintiffs may not proceed with any federal claims, and complete diversity of citizenship is lacking. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Accordingly, it is ordered that:

(1) Defendants' motion to dismiss is granted.

(2) The plaintiffs' complaint and action are dismissed.

(3) Defendants' motion for costs and attorneys' fees is denied.

(4) Each party shall bear his, her or its own costs.