Jerry M. WILEY, d/b/a
Milkway Jerseys, etc.

v.

The FEDERAL LAND BANK OF
LOUISVILLE, et al.

No. IP 85–1441–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 31, 1987.

Jerry M. Wiley, pro se.

David S. Richey, Parr Richey Obremskey & Morton, Lebanon, Ind., for defendants Duff Farm Management, Inc. and Robert E. Pickering, A.F.M.

James V. Magee, Jr., Louisville, Ky., for defendants Federal Land Bank of Louisville, Federal Land Bank Ass'n of Franklin, Rushville Production Credit Ass'n, Darrell L. Mollenkopf, John Ditmars.

## ORDER

STECKLER, District Judge.

This matter is before the Court upon the defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The Court has considered the motion, the memorandums of law, and the complaint. The Court now finds that the motion must be granted since the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Under Rule 12(b)(6), a complaint can be dismissed for failing to state a claim only if it appears to the court "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The complaint must be construed in the light most favorable to the plaintiff, and when the plaintiff is acting pro se, as here, the allegations of his complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

The plaintiff's complaint consists of eight (8) counts which plead both federal and state causes of action. The federal causes of action are alleged in Counts One, Two, Three and Seven, while the state causes of action are alleged in Counts Four, Five, Six and Eight. The federal causes of action arise under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and the National Bank Act, 12 U.S.C. § 21 et seq. Reference is also made in various counts to violation of 12 C.F.R. Sections 614.4150 and 4250, Farm Credit Regulations, and 15 U.S.C. § 77a et seq., Securities Act of 1933. The state causes of action are founded in allegations of breach of contract, fraud, lack of consideration, and usury. All of the counts contain class action allegations.

The Court has read the allegations of the complaint generously in the plaintiff's favor; yet the Court finds that the plaintiff has failed to state a claim for which relief can be granted. In the Third Count of the complaint, the plaintiff attempts to state a claim against several defendants under the National Bank Act. 12 U.S.C. §§ 85 and 86. However, these defendants, the Federal Land Bank of Louisville, the Federal Land Bank Association of Franklin, Indiana, the Rushville Production Credit Association and two loan officers ("Farm Credit Defendants") are organized under the Farm Credit Act of 1971. 12 U.S.C. § 2001 et seq. The National Bank Act regulates only the conduct of national banks. *See Weiner v. Bank of King of Prussia,* 358 F.Supp. 684 (E.D.Pa. 1973). The National Bank Act does not apply to federal instrumentalities created under the Farm Credit Act of 1971. *See Criswell v. Production Credit Association,* 660 F.Supp. 14 (S.D.Ohio 1985). In the Second Count of the complaint, the plaintiff refers to regulations promulgated pursuant to the Farm Credit Act. However, Congress did not create a private right of action under either the Farm Credit Act or its regulations. *See Smith v. Russellville Production Credit Act,* 777 F.2d 1544 (11th Cir. 1985).

In the First and Second Counts of the complaint, the plaintiff attempts to state a claim against several defendants under RICO. 18 U.S.C. § 1964. However, the plaintiff cannot maintain a cause of action against the Farm Credit Defendants under RICO since these defendants, as federal instrumentalities, are immune from liability under the Act. Additionally, even if the Farm Credit Defendants were not immune from suit under RICO, the basis for RICO jurisdiction in the complaint is the alleged violations of the National Bank Act. As stated above, this Act does not

apply to instrumentalities created under the Farm Credit Act.

■ In the Seventh Count of the complaint, the plaintiff refers to the Securities Act of 1933. However, the plaintiff cannot state a cause of action against the Farm Credit Defendants under this Act. Under 15 U.S.C. § 77c(a)(2) securities issued by an instrumentality of the United States are exempt from the provisions of the Securities Act of 1933. *See Davidson v. Dean Witter Reynolds, Inc.*, 478 F.Supp. 494 (D.Colo.1979).

■ In the Fourth, Fifth, Sixth and Eighth Counts of the complaint, the plaintiff attempts to state claims for breach of contract, fraud, lack of consideration, and usury. These causes of action were raised and adjudicated in an earlier proceeding in the Shelby County, Indiana, Circuit Court. *See Federal Land Bank of Louisville v. Wiley*, No. CC–83–261 (Shelby Cir.Ct. Aug. 9, 1985). The plaintiff is now estopped from asserting the claims in this action. *See Thibodeau v. Foremost Insurance Co.*, 605 F.Supp. 653 (N.D.Ind.1985).

Finally, in addition to the Farm Credit Defendants, the plaintiff has named Duff Farm Management, Inc. and Robert E. Pickering, A.F.M., as defendants in this action. Although there are references to these defendants in the complaint, the plaintiff seeks no relief from them.

Accordingly, by reason of all of the foregoing, the Court hereby

GRANTS the defendants' motion to dismiss.

IT IS SO ORDERED.