864 F.2d 97
 Derral SCHRODER; Gladys Schroder, Plaintiffs-Appellants,
v.
Paul VOLCKER, Chairman of the Federal Reserve Board; Board
of Governors of the Federal Reserve System; Federal Reserve
Bank of Kansas City, Denver Branch; Federal Reserve Bank of
Chicago; Silas Keehn, President, Federal Reserve Bank of
Chicago; John W. Gabbert; Barry F. Sullivan, and O.J.
Tomson, Class "A" Directors, Federal Reserve Bank of
Chicago; Donald E. Wilkinson, Governor, Farm Credit
Administration; Board of Directors, Ninth Farm Credit
District; Sam G. Eberly, Chairman, Ninth Farm Credit
District; Federal Land Bank of Wichita, also known as Farm
Credit Services; Jack Perry, President, Federal Land Bank
of Wichita; Federal Land Bank Association of Lamar; Alton
B. Warren, President, Federal Land Bank Association Lamar;
Federal Intermediate Credit Bank of Wichita, also known as
Farm Credit Services; Jack Perry, President, Federal
Intermediate Credit Bank of Wichita; Farm Credit Center
Servicing, Southeast Colorado, formerly known as Production
Credit Association of LaJunta; Charles Armstrong,
President, Farm Credit Center Servicing, Southeast Colorado,
Defendants-Appellees.
 No. 86-2703.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 20, 1988.
 
 Roger C. Elletson of Elletson & Doby, Cheyenne, Wyo., for plaintiffs-appellants.
 Charles M. Johnson (Jack L. Smith, with him on the brief) of Holland & Hart, Denver, Colo., for Farm Credit defendants-appellees.
 Richard J. Nolan, Sp. Asst. U.S. Atty. (Robert N. Miller, U.S. Atty. with him on the brief), Denver, Colo. for Federal defendants-appellees.
 Before HOLLOWAY, Chief Judge, SEYMOUR, and BRIGHT*, Circuit judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Plaintiffs Derral and Gladys Schroder filed suit against numerous defendants alleging violations of a wide variety of federal statutes. Plaintiffs' claims constitute a broad scale attack against the agricultural credit system in particular, and the American banking and economic systems in general. Some defendants were associated with the Farm Credit System, others with the Federal Reserve Board. Both sets of defendants moved to dismiss plaintiffs' complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted defendants' motions and ordered plaintiffs' complaint and action dismissed. Schroder v. Volcker, 646 F.Supp. 132 (D.Colo.1986). We affirm.
 
 
 2
 Plaintiffs' first claim alleges a violation of section 102 of the Agriculture Act, 7 U.S.C. Sec. 2266 (1982 & Supp. IV 1986). They acknowledge that this Act does not expressly grant a federal right in their favor, and that the viability of their claim therefore depends on whether a private cause of action is implicit in the statute. The district court, applying the test set forth by the Supreme Court in Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), and reiterated in Touche Ross & Co. v. Redington, 442 U.S. 560, 575-76, 99 S.Ct. 2479, 2488-89, 61 L.Ed.2d 82 (1979), concluded that section 2266 does not create an implied private cause of action. 646 F.Supp. at 134. We agree with this reasoning and conclusion. We further note that the court in Kolb v. Naylor, 658 F.Supp. 520, 524 (N.D.Iowa 1987), subsequently reached the same conclusion.
 
 
 3
 Section 1.1 of the Farm Credit Act, 12 U.S.C. Sec. 2001 (1982 & Supp. IV 1986), provides the basis for plaintiffs' second claim. Plaintiffs argue, as they did with their claim under the Agriculture Act, that Congress' failure to explicitly create a private remedy under the Farm Credit Act does not bar their claim because an implied private cause of action exists. As the district court noted, however, "[c]ourts have consistently held that Congress did not intend to create a private right of action under the Farm Credit Act." 646 F.Supp. at 134. (citations omitted). That statement is equally true today. See Redd v. Federal Land Bank of St. Louis, 851 F.2d 219 (8th Cir.1988); Creech v. Federal Land Bank of Wichita, 647 F.Supp. 1097, 1101 (D.Colo.1986); Hartman v. Farmers Prod. Credit Ass'n of Scottsburg, 628 F.Supp. 218 (S.D.Ind.1983); Kolb, 658 F.Supp. at 525; Brekke v. Volcker, 652 F.Supp. 651, 654 (D.Mont.1987); Mendel v. Production Credit Ass'n of the Midlands, 656 F.Supp. 1212, 1215 (D.S.D.1987); Wiley v. Federal Land Bank of Louisville, 657 F.Supp. 964, 965 (S.D.Ind.1987).
 
 
 4
 Plaintiffs' third claim alleges violations of RICO, 18 U.S.C. Secs. 1961-1968 (1982). Specifically, plaintiffs allege violations of subsections 1962(a), (b), (c), and (d). Subsections (a), (b), and (c) all require the allegation of racketeering activity or the collection of an unlawful debt. We agree with the district court that plaintiffs' complaint fails to allege facts demonstrating that defendants engaged in the collection of an unlawful debt, or that they engaged in racketeering activity by devising or intending to devise a scheme to defraud in violation of the mail and wire fraud statutes, 18 U.S.C. Secs. 1341 and 1343 (1982). Our conclusion that plaintiffs have failed to allege any substantive violation of RICO disposes of their claim under subsection (d), because "[t]he object of a RICO conspiracy must be to violate a substantive RICO provision." United States v. Hampton, 786 F.2d 977, 978 (10th Cir.1986) (citation omitted); see also Torwest DBC, Inc. v. Dick, 810 F.2d 925, 927 n. 2 (10th Cir.1987).
 
 
 5
 Plaintiffs' fourth claim alleges violations of 42 U.S.C. Secs. 1983, 1985(3) and 1988. The district court properly dismissed all of these claims. Plaintiffs failed to allege that defendants acted under color of state law as required by section 1983, or that defendants' actions were motivated by racial or class-based bias as required under section 1985(3). See 646 F.Supp. at 135. Finally, section 1988 does not create independent causes of action, it simply "defines procedures under which remedies may be sought in civil rights actions." Brown v. Reardon, 770 F.2d 896, 907 (10th Cir.1985); see also Moor v. County of Alameda, 411 U.S. 693, 703-04 & n. 17, 93 S.Ct. 1785, 1792-93 n. 17, 36 L.Ed.2d 596 (1973) ("Properly viewed, then, Sec. 1988 instructs federal courts as to what law to apply in causes of actions arising under federal civil rights acts.")
 
 
 6
 Alleged violations of the federal anti-trust laws, 15 U.S.C. Secs. 1-36 (1982) form the basis of plaintiffs fifth claim. We agree with the district court's reasoning and conclusion in dismissing this claim. See 646 F.Supp. at 136.
 
 
 7
 Finally, plaintiffs allege that defendants violated the Securities Act of 1933, 15 U.S.C. Secs. 77a-77aa (1982). The district court dismissed plaintiffs' claim because it found defendants exempt from the Securities Act's requirements pursuant to 15 U.S.C. Sec. 77c(a)(2). Id. at 136-37. We agree with the district court's reasoning and conclusion. We also note that numerous other courts have reached the same conclusion. See Kolb, 658 F.Supp. at 525; Creech, 647 F.Supp. at 1100; Dau v. Federal Land Bank of Omaha, 627 F.Supp. 346, 348 (N.D.Iowa 1985); Wiley, 657 F.Supp. at 966.
 
 
 8
 Our conclusion that plaintiffs have failed to state a claim upon which relief can be granted does not reflect a lack of awareness or concern about the serious plight of the family farmer in America. We sympathize with farmers struggling to secure their livelihoods and, more fundamentally perhaps, maintain their way of life. Nevertheless, we believe the issues raised by plaintiffs in this suit are basically political questions which must be resolved in the legislative arena.
 
 
 9
 As the extensive, but by no means exhaustive, citations in this opinion evidence, numerous suits similar to the Schroder's have been filed. The outcomes in those cases do not differ from the outcome in this case. Although the attorneys of record for plaintiffs here do not appear to have been involved in even a majority of the other cases, it is their responsibility to be aware of them. Hence, we feel it appropriate to give the attorneys in this case fair warning that they may be subject to sanctions if they continue to file suits raising claims which the courts have uniformly recognized as legally frivolous. See Charczuk v. Commissioner of Internal Revenue, 771 F.2d 471, 473-76 (10th Cir.1985).
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Myron H. Bright, United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation