**FEDERAL LAND BANK OF OMAHA, Production Credit Association of the Midlands, Inc., Federal Land Bank of Perry, Federal Land Bank of the Midlands, Farm Credit System and Farm Credit Capital Corporation, Appellees,**

v.

**John F. TIFFANY; Donna Tiffany; Federal Land Bank of Omaha, A Corporation; Production Credit Association of the Midlands, Inc., An Iowa Corporation, Appellants.**

No. 93–1308.

Supreme Court of Iowa.

March 29, 1995.

Rehearing Denied April 26, 1995.

Marlyn S. Jensen, Osceola, for appellants.

Kevin M. Reynolds and Rodney P. Kubat of Whitfield & Eddy, P.L.C., Des Moines, for appellees.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

LARSON, Justice.

John F. Tiffany organized two Iowa corporations whose names were identical to well-known lenders in the farm credit system. The Federal Land Bank of Omaha, the Production Credit Association of the Midlands, and other members of the farm credit system filed this injunction action. The district court entered summary judgment against the defendants (collectively referred to as Tiffany), who appealed. We affirm.

The plaintiffs, members of the farm credit system, are federally chartered instrumentalities of the United States. 12 U.S.C.A. § 2011 (1989). In 1986, Tiffany formed an Iowa corporation, which he named "Production Credit Association of the Midlands, Inc." Later the same year, he started another corporation named "Federal Land Bank of Omaha." Tiffany contends that his purpose in establishing these corporations was to provide a competitor to the farm credit system. The plaintiffs suggest that Tiffany had other motives; that he had a long history of harassing the farm credit system, and that this is just another chapter.

A variety of issues are raised, including: (1) the court's refusal to designate the case as "complex litigation" under Iowa Rule of Civil Procedure 136(b)(6); (2) the court's rulings on certain discovery matters; and (3) the court's refusal to disqualify the lawyers for the plaintiffs. The principal issue, however, is whether the plaintiffs have violated the Iowa Competition Law, Iowa Code ch. 553 (1993).

I. *Assignment to a Single Judge.*

■ Tiffany claims that this litigation is so complex that it was necessary that a single judge be assigned to hear the case. He contends that allowing multiple judges to address the issues led to a lack of continuity, causing a reduced level of understanding of the facts and law of the case.

Iowa Rule of Civil Procedure 136(b) provides:

> After consulting with the attorneys for the parties and any unrepresented parties, the court may ... order:
>
> ....
>
> (6) Special procedures, including assignment to a single judge, for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems....

We have not previously discussed the application of this rule, but it is clear from its wording and the context in which it appears (case management) that an order for special handling is highly discretionary. The rule provides that the court "may" order assignment to a single judge. This case, although voluminous in its paperwork, is not so "complex" as to demand the assignment of a single judge.

The district court stated:

> The legal and factual issues do not appear to be extraordinarily complex or complicated. Various District Court Judges have previously ruled upon pending motions. The logistics of assigning one judge to handle all further proceedings in this case may slow ultimate disposition of this litigation.

The court did not abuse its discretion in denying assignment of a single judge.

II. *The Discovery Rulings.*

■ Tiffany objects to several of the court's rulings on discovery matters. Rulings in this area are, of course, highly discretionary. Our standard of review is for abuse of that discretion. *See State ex rel. Miller v. National Dietary Research, Inc.,* 454 N.W.2d 820, 822 (Iowa 1990).

Without elaborating, we have considered Tiffany's discovery issues, including the court's rulings on his interrogatories and motion in limine. We find no abuse in any of the rulings.

### III. *Refusal to Disqualify Attorney.*

During the proceedings, Tiffany filed a notice of intent to call the plaintiffs' attorney, Rodney Kubat, as a witness and also filed a motion to disqualify Kubat and his firm from representing the plaintiffs. Tiffany contended that Kubat had a conflict of interest because he had represented two creditors in Tiffany's prior bankruptcy.

The district court held a hearing on the matter and concluded that Kubat's representation had ended before any conflict could be created. It denied Tiffany's motion to disqualify Kubat and his firm. District court rulings regarding disqualification of attorneys are subject to appellate review for abuse of discretion. *Killian v. Iowa Dist. Court,* 452 N.W.2d 426, 428 (Iowa 1990). In *Killian,* we noted that the trial court's discretion should be especially broad when the disqualification motion arises during trial or, as here, when trial is imminent.

We conclude that the district court did not abuse its discretion in refusing to order the disqualification of Kubat or his firm.

### IV. *The Anticompetition Counterclaim.*

The district court dismissed Tiffany's counterclaim alleging that the plaintiffs had violated the Iowa Competition Law by establishing an agricultural lending monopoly. *See* Iowa Code ch. 553.

The plaintiffs' summary judgment motion raised several issues in connection with this claim, including the one that is dispositive of the issue: that the plaintiffs are exempt under Iowa Code section 553.6, which provides:

> This chapter shall not be construed to prohibit:
>
> . . . .
>
> 4. The activities or arrangements expressly approved or regulated by any regulatory body or officer acting under authority of this state or of the United States.

Our court has construed the section 553.6(4) exemption on previous occasions. *See Northwestern Bell Tel. Co. v. Iowa Utils. Bd.,* 477 N.W.2d 678, 684–86 (Iowa 1991) (state fiber-optic network is exempt); *Pfiffner v. Roth,* 379 N.W.2d 357, 360 (Iowa 1985) (cities not exempt under section 553.6(4)); *Neyens v. Roth,* 326 N.W.2d 294, 298–99 (Iowa 1982) (city ambulance service not exempt under section 553.6(4)).

This case must be distinguished from these cases because farm credit banks are "federally chartered instrumentalities of the United States" and subject to regulation by the federal farm credit administration. 12 U.S.C. §§ 2011(a), 2013. Federal instrumentalities have been accorded special treatment under the cases. For example, they have been held to be exempt from certain state taxes, *e.g., Federal Land Bank v. Board of County Comm'rs,* 368 U.S. 146, 149, 82 S.Ct. 282, 285, 7 L.Ed.2d 199, 202–03 (1961), and to be immune from certain state tort cases, *e.g., Slotten v. Hoffman,* 999 F.2d 333, 335–37 (8th Cir.1993) (member of farm credit system).

It has been expressly held that farm credit banks, as "federal instrumentalities," are not subject to the federal antitrust law. *See Schroder v. Volcker,* 646 F.Supp. 132, 136 (D.Colo.1986), *aff'd,* 864 F.2d 97, 99 (10th Cir.1988).

When determining whether farm credit banks are entitled to an exemption under our competition law, we are guided by section 553.2, which states:

> This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction shall not be made in such a way as to constitute a delegation of state authority to the federal government, but shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.

Because these plaintiffs would be entitled to exemption under the federal antitrust act

and because Iowa Code section 553.2 prescribes a "uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices," we conclude that section 553.6 should be interpreted to provide an exemption to these plaintiffs.

The defendants have raised several additional issues, which we have not discussed. We have considered each of them, however, and find that none of the issues raised on appeal constitute reversible error. Accordingly, we affirm the district court.

**AFFIRMED.**