**Gary Della VECCHIA, Plaintiff,**

v.

**TOWN OF NORTH HEMPSTEAD, Defendant,**

No. CV 96–1061.

United States District Court, E.D.New York.

May 21, 1996.

---

David M. Lira, Garden City, New York, for Plaintiff.

Betty A. Maier, Deputy Town Attorney, Town of North Hempstead, Manhasset, New York, for Defendant.

## Memorandum of Decision and Order

MISHLER, District Judge.

The Town of North Hempstead moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6).

Gary Della Vecchia ("Vecchia") seeks "to re-open an earlier action commenced in this court under Case No. CV 88–2229" (¶ 5) and "a further award of attorney's fees in connection with the action under Case No. CV 88–2229" (¶ 6). "The plaintiff commenced the action under Case No. CV 88–2229 (JM) under 42 U.S.C. § 1983 for deprivation of a property interest without due process of law" (¶ 7). Vecchia claims the right to attorneys' fees for the "time expended in determining and enforcing state court orders with respect to backpay [as it] is related to the action under Case No. CV 88–2229 (JM)" (¶ 15).

### Prior Proceedings—CV 88–2229

Vecchia's claim was that his employment as a laborer in the Highway Department of the Town of North Hempstead was in violation of section 73 of the New York Civil Service Law.[1] We found that the right of the Town to terminate Vecchia's employment rested on facts that were in dispute, and therefore directed a hearing by the Town. We decided that Vecchia had a constitutional right to due process under the Fourteenth Amendment not to be deprived of a property interest, as defined by state law. We re-

tained the right to decide motions then pending and review the determination of the state court. We intended that this reservation was limited to the constitutional right to due process and the right to attorney's fees under 42 U.S.C. § 1988. (Memorandum of Decision and Order dated March 21, 1989).

### State Proceedings

The Town afforded Vecchia a hearing. The Town found that termination under section 73 was properly exercised and denied Vecchia reinstatement, back-pay and other benefits he claims he lost. The Appellate Division of the New York State Supreme Court (Second Department) decision dated June 24, 1991, annulled the Town's determination, pursuant to Article 78 of the C.P.L.R., directing reinstatement including back-pay and benefits.

### Judgment in Case No. CV 88–2229

On November 19, 1991, we found that Vecchia was the prevailing party and entitled to attorney's fees under 42 U.S.C. § 1988. Judgment was entered in favor of Vecchia in "the sum of one ($1.00) dollar and his costs of this action including attorney's fees."

Attorney's fees and costs were awarded Vecchia in the amount of $34,000. The judgment in the amount of $34,001 was satisfied and satisfaction filed on August 28, 1992.

### DISCUSSION

■ 42 U.S.C. § 1988 provides in pertinent part:

In any action or proceeding to enforce a provision of sections ... [42 U.S.C. §§ 1981—1983] ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

It is clear from the words of the section, i.e., "as part of the costs" that the section does not grant an independent right of action. *North Carolina Dep't of Transp. v. Crest Street Community Council, Inc.,* 479

---

1. Section 73 of the New York Civil Service Law gives an employee of the Town who "has been continuously absent from and unable to perform the duties of his position for not more than one

year ..." the right to make application to the department having jurisdiction over the position for a medical examination.

U.S. 6, 14, 107 S.Ct. 336, 341, 93 L.Ed.2d 188 (1986); *Schroder v. Volcker,* 864 F.2d 97, 99 (10th Cir.1988); *Barr v. United States,* 478 F.2d 1152, 1156 (10th Cir.), *cert. denied,* 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973).

The Town's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

*Award of Attorney's Fees in CV 88–2229*

■ We treat the complaint as a motion for attorney's fees for services rendered in the hearing before the Town and in the state court proceedings.

■ An award is not precluded because the services "did not occur in the context of traditional judicial litigation." It is within the sound discretion of the district court to grant an award for services performed that are "useful and of a type ordinarily necessary" to secure the final result obtained from litigation to enforce civil rights. Services rendered in monitoring compliance under a consent decree are reimbursable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 561, 106 S.Ct. 3088, 3096, 92 L.Ed.2d 439 (1986); *Diaz v. Romer,* 961 F.2d 1508, 1511–12 (10th Cir. 1992).

In *North Carolina Dep't of Transp., supra,* 479 U.S. at 12–15, 107 S.Ct. at 340–342, the Court discussed the right to an award under § 1988 for service outside the federal litigation:

> The plain language of § 1988 suggests the answer to the question whether attorney's fees may be awarded in an independent action which is not to enforce any of the civil rights laws listed in § 1988. The section states that *in the action or proceeding to enforce* the civil rights laws listed—42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, Title IX or Title VI—*the court* may award attorney's fees. The case before us is not, and was never, an action to enforce any of these laws. On its face, § 1988 does not authorize a court to award attorney's fees except in an action to enforce the listed civil rights laws.

•　　•　　•　　•　　•

[A]n award of attorney's fees under § 1988 depends not only on the results obtained, but also on what actions were needed to achieve those results.

•　　•　　•　　•　　•

A court hearing one of the civil rights claims covered by § 1988 may still award attorney's fees for time spent on administrative proceedings to enforce the civil rights claim prior to the litigation. *See [New York Gaslight Club, Inc. v.] Carey, supra* [447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723] [(1980)] (so holding under identical language of Title VII). Moreover, even if the prior proceeding is not a "proceeding to enforce" one of the § 1988 civil rights laws, the "discrete portion of the work product from the administrative proceedings" that "was both useful and a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement" can be part of the attorney's fees awarded under § 1988. *Webb [v. Board of Education of Dyer County, Tennessee] supra* [471 U.S. 234] at 243, 105 S.Ct. [1923]. At 1928–1929 [85 L.Ed.2d 233] [(1985)]; see also *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under the plain language and legislative history of § 1988, however, only a court in an action to enforce one of the civil rights laws listed in § 1988 may award attorney's fees.

In *Webb v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 241, 105 S.Ct. 1923, 1927, 85 L.Ed.2d 233 (1985), claiming a violation of § 1983, the Court affirmed the denial of attorneys' fees for services rendered in local school board proceedings prior to litigation, holding:

> Congress only ·authorized the district courts to allow the prevailing party a reasonable attorney's fee in an "action or proceeding to enforce [§ 1983)." Administrative proceedings established to enforce tenure rights created by state law simply are not any part of the proceeding to enforce § 1983, and even though the petitioner obtained relief from his dismissal in the later civil rights action, he is not automatically entitled to claim attorney's fees for

time spent in the administrative process on this theory.

In *Barrow v. Falck,* 977 F.2d 1100, 1104 (7th Cir.1992), a deputy sheriff was suspended without a prior hearing. The court, citing *North Carolina Dep't of Transp.,* and *Webb,* states:

> Section 1988 permits a court to shift to defendant only those legal fees incurred in "proceedings to enforce" a few listed federal statutes. When proceedings in state courts or agencies are part of the "enforcement" of § 1983, then time reasonably devoted to them is compensable. *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). But rights under labor contracts and local civil service laws do not arise under the Constitution or federal statutes, and efforts to secure their benefits in state forums are not "proceedings to enforce" § 1983. *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986); *Webb v. Dyer County Board of Education,* 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985). Barrow's claim is all but a rerun of *Webb,* which held that time spent before a state administrative body to secure tenure rights established by state law may not be charged against the defendant under § 1988, even though the defendants' acts violated the Constitution along with state law. The district court must reevaluate the claim for fees, excluding time devoted to seeking remedies before the state commission and court.

In *Brantley v. Surles,* 804 F.2d 321, 325 (5th Cir.1986), affirming the district court's denial of the request for services rendered in the state court since § 1988 does not allow compensation for her counsel's efforts in the state court. In rejecting the argument that *New York Gaslight Club* supported the request, the court pointed out that "In *New York Gaslight Club,* state litigation was used to enforce a federal civil rights statute."

## CONCLUSION

We find that the litigation under Case No. 88–2229 was based on the due process clause of the Fourteenth Amendment and that the attorney's services rendered at the hearing before the Town and in the state courts was to vindicate Vecchia's rights under state law. The services are not reimbursable under § 1988.

## *ORDER*

The complaint is dismissed. The motion for attorney's fees is denied, and it is

SO ORDERED.