James L. **LECKBAND** and Maureen Leckband, husband and wife, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Frank W. **NAYLOR, Jr.,** in his capacity as Chairman and a member of the Farm Credit Administration Board; Jim R. Billington and Marvin R. Duncan, each in his capacity as a member of the Farm Credit Administration Board; the Farm Credit Administration; Larry Buegler, in his capacity as President and Chief Executive officer of the Federal Land Bank of Saint Paul; and the Federal Land Bank of Saint Paul, Defendants.

No. Civ. 3–88–167.

United States District Court,
D. Minnesota,
Third Division.

May 17, 1988.

Obert Knutson, Berry Friesen and Mark Bohnhorst, Southern Minnesota Regional Legal Services, Inc., Mankato, Minn., for plaintiffs.

Theodore Hirt and Neal Dittersdorf, Dept. of Justice, Washington, D.C., for defendants Naylor, Billingston, Duncan and Farm Credit Admin.

James B. Loken, Elizabeth L. Taylor and D. Charles MacDonald, Faegre & Benson, Minneapolis, Minn., for defendants Buegler and Federal Land Bank of St. Paul.

## ORDER

DEVITT, District Judge.

Plaintiff has moved for a declaration of his right of first refusal under 12 U.S.C. § 2219a(b) prior to public sale of his former farmland and for a permanent injunction against defendant Federal Land Bank of St. Paul's (FLB) selling the farmland by public auction without affording him such right. Defendant FLB has cross-motioned for dismissal on various grounds.

### A. Declaratory Relief

Plaintiff's motion calls for construction of § 2219a(d), which prescribes a procedure for public sale of foreclosed farmland, in light of § 2219a(b) granting farmers a right of first refusal to purchase formerly owned farmland at its fair market value. Plaintiff argues that he has a right of first refusal whether FLB wants to sell the property by public sale or otherwise. Defendant FLB counters that the public sale procedure prescribed by § 2219a(d) is excepted from the right of first refusal provided in § 2219a(b). Federal defendants argue that the court should refrain from deciding the issue until the Federal Credit Administration (FCA) has completed its rulemaking procedure because proposed rules will resolve the issue and provide appropriate guidance in construing the statute.

After reviewing the statute and relevant legislative history, the court finds plaintiff's interpretation correct. Section 2219a(b) describes implementation of the right of first refusal in the case of a sale (as opposed to a lease) of foreclosed farm-

land. That section mandates that the seller initiate the right of first refusal procedure "[w]ithin 15 days after [it] first elects to sell" such farmland. The right of first refusal guarantees the previous owner an opportunity to buy the property "at the appraised fair market value of the property, as established by an accredited appraiser" and, alternatively, to make an offer to buy the property at less than the appraised value. If the previous owner does not buy the property at the appraised value but, instead, makes a lower offer, the seller need not accept such lower offer. However, in the event the seller refuses the lower offer, the seller cannot sell the property to someone else at that price (or lower) and on those terms (or better) unless the previous owner is first given an opportunity to buy the property at such price and on such terms. In sum, because FLB decided to sell plaintiff's former farmland, § 2219a(b) gives plaintiff an absolute right to buy the property at the appraised fair market value and an alternative right to buy the property at whatever lower price and on whatever terms the seller is willing to sell the property to a third party.

Plaintiff's right of first refusal granted by § 2219a(b) exists whether FLB decides to sell the property privately or through public auction. The right of first refusal established by § 2219a(b) comes into being when the seller first elects to sell the property. Nothing in that section limits the right to certain types of sales. Nor does § 2219a(d), which establishes a procedure for public sale, state that, in the event the seller elects to sell the property publicly, the right of first refusal established by § 2219a(b) is extinguished or otherwise limited. In fact, the Senate committee report to the bill creating § 2219a states that the provision "establishes a system for notifying previous owners of the opportunity to purchase [farmland foreclosed on by FCS lenders] so that, *whether the sale is by auction, contract or otherwise* the previous owner will have an opportunity to buyback or lease-back the property." S.Rep. No. 230, 100th Cong., 1st Sess. 35, U.S. Code Cong. & Admin.News 1987, p. 2723 (1987) (emphasis added).

Defendant FLB's arguments to the contrary must be rejected. FLB cites Senate subcommittee discussions in support of its proposition that Congress intended to guarantee a different right of first refusal if the seller elects to sell the property by public auction. According to FLB, a public auction, by its very nature, establishes the fair market value of the property and a previous owner's right to buy the property at fair market value is protected if he is given the opportunity to match the highest bid at the conclusion of the auction. While FLB's observations about a public auction have some merit, the clear wording of § 2219a and the legislative history discussed above refute FLB's proposition that Congress intended to supplant plaintiff's right of first refusal under § 2219a(b) with an alternate form of protection inherent in public auctions. Moreover, § 2219a(d) does not guarantee plaintiff an opportunity to match the highest bid at the conclusion of the auction; it merely provides that the seller must sell the property to plaintiff in the unlikely event that the bid he submitted at the auction tied the highest bid. Had Congress intended to guarantee previous owners an opportunity to intentionally match the highest bid in order to buy the property back, Congress could have made its intentions explicit. It did not, and the statutory language and legislative history demonstrate Congress had no such intention.

The federal defendants' argument that the court refrain from reaching the question until FCA completes it rulemaking must be rejected, also. While the court should generally follow the reasonable statutory interpretations embodied in regulations promulgated by the agency charged with enforcement, the court is fully competent to construe Congress' intent from the language and legislative history of a given statute despite the absence of such interpretive regulations. Defendants' argument is further faulted in its reliance upon cases in which parties' challenges to proposed regulations were rejected on ripeness grounds. In this case, plaintiff is not challenging proposed regulations. Rather,

plaintiff challenges FLB's interpretation of § 2219a as applied to him right now. Plaintiff's claim is ripe. The mere fact that FCA is currently proposing regulations which, if finally adopted, would interpret § 2219a consistent with FLB's interpretation does not persuade the court to postpone consideration of the controversy presented today.

## B. Injunctive Relief

■ Plaintiff also seeks a permanent injunction preventing FLB from selling one of his four parcels to the high bidder from a recent public auction. Plaintiff asserts FLB rejected his pre-auction offer to buy that parcel at fair market value and intends to sell the parcel to the third party at the expiration of his 65–day right of first refusal under Minnesota Statutes § 500.24, subd. 6. That state provision only gives plaintiff a right to buy the parcel at a price equal to any bona fide offer on the property. Plaintiff contends that the high bid is several thousand dollars above the "appraised fair market value" as provided by § 2219a. Additionally, plaintiff asserts that he may be forced to bring an ejectment action and, in the interim, would incur damages as a result of being prevented from farming the parcel. Such damages may be difficult, if not impossible, to measure, *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585, 72 S.Ct. 863, 866, 96 L.Ed. 1153 (1952), and, in any event, may not be recoverable against defendants, *Mendel v. Production Credit Ass'n*, 656 F.Supp. 1212, 1216 (D.S.D.1987). Plaintiff has made an adequate showing of irreparable injury. *Youngstown*, 343 U.S. at 585, 72 S.Ct. at 865–866.

Ordinarily, the court would hesitate to enjoin a threatened action until it is demonstrated that the threat will be carried out even in the face of a court's declaration that such action is improper. Here, however, FLB has previously been warned and, in fact, enjoined regarding the same actions which plaintiff now challenges. *See Martinson v. Federal Land Bank of St. Paul*, No. A2–88–31, Transcript of Court's Order (D.N.D. April 21, 1988). FLB's brief in opposition to this motion, lodged on April 29, 1988, by the same counsel as represented FLB in Martinson, clearly demonstrates FLB's determination to implement its interpretation of § 2219a despite warnings and in the absence of an injunction.

## C. Dismissal

Defendant FLB's cross-motion for dismissal of plaintiff's action as to it and Buegler, its president, has three arguments: no private cause of action; exclusive administrative remedy; and, non-retroactivity.

■ Defendant FLB argues that plaintiff's action for declaratory and injunctive relief should be dismissed because there is no implied cause of action under § 2219a. Applying the four factors set forth in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed. 2d 26 (1975), the court concludes that there is such an implied cause of action. *Accord Martinson*, Transcript of Court's Order at 2. First, plaintiff is a prior owner of farmland acquired by an FCS institution through foreclosure and, as such, is clearly a person for whose special benefit § 2219a was enacted. Second, the legislative history of § 2219a contains explicit indications of Congress' intent to provide a private cause of action and explains why § 2219a is itself silent on the issue. Records of the legislative process reveal that both the House and Senate intended to provide a cause of action for plaintiff's class. No explicit language was included in § 2219a, however, merely because the Senate viewed the House's provision to be susceptible of too narrow interpretation and, rather than proposing its own version, removed the House's provision in the conference committee. Both House and Senate viewed § 2219a as providing a cause of action without an express provision to that effect. *See* H.R.Rep. No. 490, 100th Cong., 1st Sess. 161, 178, U.S.Code Cong. & Admin. News 1987, pp. 2723, 2956, 2973 (1987); S.Rep. No. 230, 100th Cong., 1st Sess. 33, 35 (1987); 131 Cong. Rec. 7692–7693 (1987) (statements of Reps. Watkins and De La Garza); 131 Cong. Rec. 16995 (1987) (statements of Sens. Burdick, Boren and Lugar). Third, a private cause of action is consistent with the purpose of § 2219a because beneficiaries of § 2219a have no effective

recourse absent a cause of action to enforce their rights under § 2219a. This was recognized by Congress during deliberations on the Act. 131 Cong.Rec. 7692 (1987) (statement of Rep. Watkins). The cease and desist powers granted FCA by 12 U.S.C. § 2262 are inappropriate, both in scope and timing, to effectively protect § 2219a rights. Fourth, protecting the right of first refusal created by § 2219a is not a traditional State concern nor is it addressed by State law. Defendant FLB's reliance on pre-§ 2219a cases holding that the Farm Credit Act of 1971 provides no implied private cause of action are misplaced in light of the above-cited subsequent legislative history regarding § 2219a.

Defendant similarly argues that plaintiff's sole redress for § 2219a violations is the package of powers given FCA by 12 U.S.C. §§ 2261–2274. These sections authorize FCA to issue cease and desist orders and suspend, remove and replace FCS institution officials. As recognized by Congress when considering § 2219a, plaintiff's classmembers need a private cause of action because these existing administrative powers cannot effectively protect § 2219a rights. 131 Cong. Rec. 7692 (1987) (statement of Rep. Watkins). Congress' intent to provide a private right of action refutes FLB's exclusive administrative remedy argument.

■ Finally, defendant argues that plaintiff has no standing because his formerly owned farmland is not governed by § 2219a. Defendant argues that the phrase "real estate that is acquired" in § 2219a(a) does not apply to the parcel at issue because FLB foreclosed upon plaintiff's farmland prior to the effective date of the statute and legislative history indicates Congress intended the statute only apply to farmland acquired after the effective date. Without addressing whether FLB's interpretation of the phrase is accurate, the court simply notes that FLB did not acquire plaintiff's farmland until after the statute's effective date. Defendant fails to recognize that under settled Minnesota law title does not transfer at foreclosure; it transfers at the expiration of the statutory redemption period. Minn.Stat. § 580.12;

*Lindgren v. Lindgren,* 73 Minn. 90, 75 N.W. 1034 (1898). FLB acquired plaintiff's farmland at the expiration of the 12–month redemption period which occurred after the effective date of § 2219a. The court need not consider whether § 2219a is retroactive.

IT IS DECLARED AND ORDERED that:

1. Defendant Federal Land Bank of St. Paul (FLB) violated 12 U.S.C. § 2219a(b) by offering plaintiff's former farmland for sale by public auction without first affording plaintiff his rights under § 2219a(b).

2. Defendant FLB, its agents and all persons acting in concert with them, are enjoined from selling plaintiff's former farmland described in paragraph 11 of plaintiff's Complaint by public auction or otherwise without first complying with § 2219a(b).

3. There is no just reason for delay of entry of judgment as to paragraphs 1 and 2, above, and the Clerk is directed to enter final judgment as to paragraphs 1 and 2.

4. Defendant FLB's motion to dismiss is DENIED.