**RENICK BROTHERS, INC., Plaintiff,**

v.

**FEDERAL LAND BANK ASSOCIATION OF DODGE CITY; Federal Land Bank of Wichita; Buford Rohrbaugh and M. Diane Rohrbaugh, Defendants.**

No. 88–1440–C.

United States District Court,
D. Kansas.

Sept. 26, 1989.

Steven L. Speth, Stinson, Lasswell & Wilson, Wichita, Kan., for plaintiff.

Martin R. Ufford, Redmond, Redmond, O'Brien & Nazar, Wichita, Kan. and Max E. Estes, Williams, Larson, Strobel, Estes & Malone, Dodge City, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the motion of summary judgment brought by defendants, Federal Land Bank Association of Dodge City and Federal Land Bank of Wichita (FLBS). They contend the court lacks subject matter jurisdiction of plaintiff's complaint as a private cause of action does not exist under the Agricultural Credit Act of 1987 (Act), Pub. Law 100–233, amending 12 U.S.C. § 2002 *et seq.* Defendants also seek summary judgment on their counterclaim for tortious interference of contract. Plaintiff opposes the motion and separately moves for summary judgment on defendants' counterclaim. Since subject matter jurisdiction is a primary concern of the federal courts and a matter potentially dispositive of the other pending matters, this court will address it first.

Before turning to the law, the court will briefly outline some of the pertinent facts. On June 24, 1987, the plaintiff voluntarily conveyed to the FLBS certain real estate which is "agricultural real estate" as that term is used in the Act at 12 U.S.C. § 2219a. By letter dated February 19, 1988, the Wichita FLB notified plaintiff of its first right of refusal and offered to sell the subject real estate (tract 6) at the appraised value of $293,400. Plaintiff made a counteroffer of $220,000, which was rejected. A public auction was held on this property with the established minimum bid of $264,000. No bids were made on the property. By contract dated May 24, 1988, Buford R. Rohrbaugh offered to purchase tract 6 for the sum of $250,000, and this offer was accepted on May 25, 1988. The closing date of this contract was June 24, 1988.

On June 23, 1988, plaintiff filed its action in the District Court of Gray County, Kansas, seeking damages and injunctive relief for the FLBS' failure to comply with the Agricultural Credit Act of 1987. Defendants removed the action to this court on July 19, 1988, pursuant to 28 U.S.C. § 1441(b), on the basis that plaintiff's claims appear to arise under federal law. On October 4, 1988, plaintiff filed an appli-

cation to impound crops or proceeds of crops and an application for immediate possession of land. The applications were referred to the Magistrate who heard the motions on October 17, 1988, and entered a memorandum and recommendation on October 18, 1988. The Magistrate denied the applications finding that plaintiff had not shown a likelihood of prevailing on the merits because no private cause of action appeared to exist under the Act.

The court is not writing on a clean slate in deciding whether a violation of the Act may be the basis for a private cause of action. In this district, Judge Rogers has twice ruled that the Act does not provide for an implied private right of action. *Wilson v. Federal Land Bank of Wichita*, No. 88–4058–R, 1989 WL 12731 (D.Kan. Jan. 30, 1989); *Federal Land Bank of Wichita v. Ochs*, No. 87–4113–R, 1989 WL 87999 (D.Kan. July 13, 1989).

In its primary memorandum in opposition to defendants' motion, the plaintiff relied extensively upon the recent decision of *Harper v. Federal Land Bank of Spokane*, 692 F.Supp. 1244 (D.Or.1988), where the court held that Congress intended to imply a private right of action to enforce the borrowers' rights under the Act. With the Ninth Circuit's reversal of the *Harper* decision, the plaintiff has abandoned its reliance upon *Harper* in favor of general arguments regarding congressional intent. *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172 (9th Cir.1989). Other lower courts have recognized a private right of action. *Leckband v. Naylor*, 715 F.Supp. 1451 (D.Minn.1988); *Martinson v. Federal Land Bank of St. Paul*, No. A2–88–31 (D.N.D. Apr. 21, 1988), appeal pending, N. 88–5202 (8th Cir.); *In re: Jarrett Ranches, Inc.*, No. 88–10117 (Bankr. D.S.D. Aug. 16, 1989). After reviewing these cited decisions as well as relevant principles from Supreme Court and Tenth Circuit precedent, this court is convinced that an implied private cause of action does not exist under the Act.

■■■■ The focal point in determining whether to infer a private cause of action from a federal statute is Congress' intent at the time of enacting the statute. *Thompson v. Thompson*, 484 U.S. 174, 178, 108 S.Ct. 513, 515–16, 98 L.Ed.2d 512, 519 (1988). Congress' intent is discerned with the aid of statutory construction and the four factors identified in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). *Thompson*, 484 U.S. at 179–80, 108 S.Ct. at 516, 98 L.Ed.2d at 519–20. The four factors identified in *Cort* include:

> First, is the plaintiff one of the class for whose *especial* benefit the statute was enacted—that is, does the statute create a federal right in favor of plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort*, 422 U.S. at 78, 95 S.Ct. at 2088 (internal quotations and citations omitted) (emphasis in original). These four factors are not of equal weight, as the second and third factors are traditionally relied upon in deciding whether to infer a private cause of action. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985); *Transamerica Mortgage Advisors v. Lewis*, 444 U.S. 11, 23–24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979). After *Cort* the Supreme Court has repeatedly stated that the critical inquiry is the intent of Congress. *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 377–78, 102 S.Ct. 1825, 1838–39, 72 L.Ed.2d 182 (1982) (and cases cited therein). "(U)nless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 94, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750 (1981).

When the federal statute is silent on the matter of a private cause of action, the court's analysis begins with the state of the law at the time the statute was enacted. *Curran,* 456 U.S. at 378, 102 S.Ct. at 1839. "It is always appropriate to assume that our elected representatives, like other citizens, know the law...." *Cannon v. University of Chicago,* 441 U.S. 677, 696–97, 99 S.Ct. 1946, 1957–58, 60 L.Ed.2d 560 (1979). The relevant inquiry is what Congress perceived as the state of the law. *Curran,* 456 U.S. at 378 n. 61, 102 S.Ct. at 1839 n. 61.

The district court in *Harper* relied upon the perception rule in arguing at the time of enactment Congress misperceived that farmers already had the right to sue under the Farm Credit Act. The *Harper* district court cited legislative history consisting of comments from one representative and two senators, all members of the conference committee, which reflected their understanding that borrowers already had the right to sue. 692 F.Supp. at 1248. The *Harper* court then drew the conclusion that the conference committee's deletion of the provision expressly creating the right to sue was the result of the committee's misunderstanding rather than a reflection of Congress' collective decision to exclude such a right. 692 F.Supp. at 1249.

On appeal, the Ninth Circuit concluded "that the district court gave inappropriate weight to remarks made by members of Congress." 878 F.2d at 1176 (citation omitted). "The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." *Midlantic Nat'l Bank v. New Jersey Dept. of Envtl. Protection,* 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986). The Ninth Circuit considered the law clear before the 1987 amendments that a private right of action was not implied under the relevant predecessor statutes and regulations. 878 F.2d at 1175 (and cases cited therein). Since 1987, the Tenth Circuit joined the courts deciding that Congress did not intend to create a private right of action under the Farm

Credit Act as amended in 1985. *Schroder v. Volcker,* 864 F.2d 97, 98 (10th Cir.1988).

This court is persuaded by the Ninth Circuit's reasoning that the more reliable indicator of Congress' perception of the law is what the courts had uniformly interpreted it to be, instead of the isolated individual comments of legislators. The Supreme Court has observed:

> Oral testimony of witnesses and individual Congressman, unless very precisely directed to the intended meaning of particular words in a statute, can seldom be expected to be as precise as the enacted language itself. To permit what we regard as clear statutory language to be materially altered by such colloquies, which often take place before the bill has achieved its final form, would open the door to the inadvertent, or perhaps even planned, undermining of the language actually voted on by Congress and signed into law by the President.

*Regan v. Wald,* 468 U.S. 222, 227, 104 S.Ct. 3026, 3030, 82 L.Ed.2d 171 (1984). This court believes it unwise to infer Congress' ignorance of existing law on the sole basis of several unchallenged comments of certain legislators which show only their own lack of that knowledge. Congress' passage of the Act absent the proposed amendment giving borrowers the right to sue indicates its intent to have administrative review constitute the exclusive remedy. See *Harper,* 878 F.2d at 1176. Under the Act, the Farm Credit Administration is given meaningful enforcement powers to require compliance with the various statutes and regulations. 12 U.S.C. §§ 2261–2274.

In light of the court's construction of congressional intent, there is no need to "'trudge through all four of the factors when the dispositive question of legislative intent has been resolved.'" *Curran,* 456 U.S. at 388, 102 S.Ct. at 1844 (quoting *California v. Sierra Club,* 451 U.S. 287, 302, 101 S.Ct. 1775, 1784, 68 L.Ed.2d 101 (1981) (Rehnquist, J., concurring in judgment)). Plaintiff has no private cause of action under the Agricultural Credit Act of

1987. Defendants' motion for summary judgment on plaintiff's claims is granted.

■ Defendants also seek summary judgment in favor of their counterclaim, and plaintiff requests summary judgment against defendants' counterclaim. Since the court has determined that there is no federal jurisdiction over plaintiff's claim, there is likewise nothing to support ancillary jurisdiction over the defendants' counterclaim. *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d Cir.1984); 6 Wright and Miller, Federal Practice and Procedure § 1414 at 79–80 (1971). Defendants have not alleged pursuant to Fed.R. Civ.P. 8(a) an independent basis for federal jurisdiction of their counterclaim. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Even though the plaintiff is without a cause of action under its complaint, the defendants' counterclaim is still pending and appropriate for remand.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment against the plaintiff's complaint is granted;

IT IS FURTHER ORDERED that the defendants' counterclaim is remanded to the District Court of Gray County, Kansas.