**George W. BOWLING, et al.,
Plaintiffs-Appellants,**

v.

**John R. BLOCK, et al.,
Defendants-Appellees.**

No. 85-3204.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 1986.

Decided March 13, 1986.

Stephen E. Carter (argued), Gary Dumm, Dumm & Carter Co. LPA, Circleville, Ohio, plaintiffs-appellants.

Gary L. Norton (argued), Farm Credit Admin., McLean, Va., Thomas E. Palmer (argued), David W. Alexander, Squire, Sanders, & Dempsey, Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio, for defendants-appellees.

Before KENNEDY and CONTIE, Circuit Judges and GIBSON, District Judge.*

---

* The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

PER CURIAM.

This is an appeal from the district court's dismissal of the appellants' complaint. The appellants' complaint alleged violations of the Farm Credit Act, 12 U.S.C. §§ 2001 *et seq.*, and the Truth-In-Lending Act, 15 U.S.C. §§ 1601 *et seq.* The district court held that there was no implied private right of action under the Farm Credit Act, that the appellants lacked standing under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.* to review alleged violations of the Farm Credit Act, and that the appellants did not allege sufficient facts to maintain a Truth-In-Lending Act claim. On appeal, the appellants seek review of the first two holdings of the district court.

The plaintiffs-appellants are individuals and corporations which have engaged in the farming industry and have received credit from various Farm Credit System entities. The named defendants are various individuals and entities involved in the Farm Credit System.

In their complaint, the appellants alleged numerous violations of the Farm Credit Act committed by the defendants. They sought review of, and relief from, these actions under the Farm Credit Act and the Administrative Procedure Act.

The district court held that there was no private right of action under the Farm Credit Act. We agree. In *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) the Supreme Court set forth several factors to consider when determining whether a statute creates an implied right of action:

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," ...—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny

one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2088 (citations omitted) (original emphasis). In analyzing these factors, "[t]he central inquiry remains *whether Congress intended* to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979) (emphasis added). *See also California v. Sierra Club,* 451 U.S. 287, 293, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981). We agree with the district court that the Farm Credit Act "does not create specific enforcible [sic] rights which would necessitate the existence of a private right of action," *Bowling v. Block,* 602 F.Supp. 667, 670–71 (S.D.Ohio 1985), and that there is no support for the conclusion that Congress intended to create a private right of action under the Farm Credit Act in favor of these appellants. *See also Smith v. Russellville Production Credit Ass'n,* 777 F.2d 1544, 1546–48 (11th Cir.1985).

The appellants next argue that the federal defendants' actions are reviewable under the APA. The federal defendants state that the appellants cannot maintain these claims for three reasons: (1) the appellants lack Article III standing; (2) the appellants do not meet the APA's requirements for obtaining judicial review; and (3) the appellants have not stated a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). After careful consideration of these issues, we believe the district court's analysis is persuasive and we choose to adopt it as our own. *See Bowling v. Block,* 602 F.Supp. at 673–74.

Accordingly, the order of the district court is AFFIRMED.