**John GRIFFIN, Sondra Griffin, Husband and Wife, Plaintiffs–Appellants,**

v.

**FEDERAL LAND BANK OF WICHITA, a Federally Chartered Corporation, Defendant–Appellee.**

**No. 89–3070.**

United States Court of Appeals, Tenth Circuit.

May 2, 1990.

---

1. W.R.E. 606(b) and Fed.R.Evid. 606(b) are substantively identical.

Ann M. Zimmerman of Legal Services of Wichita, Wichita, Kan., for plaintiffs-appellants.

Laurie B. Williams (Martin R. Ufford, on the brief) of Redmond, Redmond & Nazar, Wichita, Kan., for defendant-appellee.

Before McKAY and BARRETT, Circuit Judges, and KANE,* District Judge.

PER CURIAM.

This case presents the issue whether plaintiffs-appellants John and Sondra Griffin can maintain a private right of action to enforce the provisions of the Agricultural Credit Act of 1987 (the Act).[1] We hold they may not, and affirm on that basis.

## FACTS

The Griffins originally filed suit in the United States District Court for the District of Kansas seeking adjudication of their rights under the Act. The plaintiffs are Kansas farmers who mortgaged their property in the early 1980's to finance a seed company. When the farm economy collapsed in the mid-eighties, the Griffins became unable to make their payments to the mortgagee, Federal Land Bank of Wichita (FLB). John Griffin filed for Chapter 7 bankruptcy in February, 1986, and his debts, including the note held by FLB, were discharged on June 26, 1986. In February, 1987, FLB began foreclosure proceedings on the property. Judgment was entered on December 2, 1987. A duly noticed sale was scheduled for and held on January 11, 1988, with FLB acquiring the property. The Act went into effect five days earlier, on January 6, 1988.

Pursuant to Kansas law, the Griffins were allowed a six-month redemption period during which they could repurchase their property following the sale.[2] They took no action and were forced to vacate the premises on July 11, 1988. The property at issue consists of approximately 300 acres of land and a residential home.

## PROCEDURAL HISTORY

The Griffins' complaint was filed in October, 1988. In it, they sought money damages, as well as injunctive and declaratory relief under the Act, which was passed to provide credit assistance to farmers and to strengthen the Farm Credit System. H.R. Rep. No. 295(I), 100th Cong., 1st Sess., 1, *reprinted in* 1987 U.S.Code Cong. & Admin.News 2723. The parties filed cross-motions for summary judgment in November, 1988. On February 16, 1989, the district court issued its order denying Griffins' motion and granting FLB's. *Griffin v. Federal Land Bank of Wichita,* 708 F.Supp. 313, 320 (D.Kan.1989). This appeal followed. The trial court did not address the question whether the Griffins can maintain a private right of action to enforce the Act. Apparently, the issue was not raised. Therefore, we directed the parties to file supplemental briefs addressing this question.

## DISCUSSION

Only two circuit courts have addressed this threshold jurisdictional issue. In *Harper v. Federal Land Bank of Spokane,* 878 F.2d 1172 (9th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 867, 107 L.Ed.2d 951 (1990), the Ninth Circuit held the Act does not provide individuals a private cause of action. *Id.* at 1177. Conversely, in *Zajac v. Federal Land Bank of St. Paul,* 887 F.2d 844 (8th Cir.1989), a panel of the

---

* Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. 12 U.S.C. §§ 2001 to 2279aa–14 (1988).

2. Kan.Stat.Ann. § 60–2414(q).

Eighth Circuit held that individual farmers may sue to enforce the provisions of the Act.[3] The United States district courts are also equally divided on this question. *See, e.g., Renick Bros., Inc. v. Federal Land Bank Ass'n of Dodge City,* 721 F.Supp. 1198, 1201–02 (D.Kan.1989); *Walker v. Federal Land Bank of St. Louis,* 726 F.Supp. 211, 218 (C.D.Ill.1989); *In re Jarrett Ranches, Inc.,* 107 B.R. 963, 969 (D.S. D.1989); *Leckband v. Naylor,* 715 F.Supp. 1451, 1454 (D.Minn.1988).

After considering the briefs and decisional law, the court has concluded the Ninth Circuit's analysis in *Harper v. Federal Land Bank of Spokane* is correct and we join that circuit in holding that there is no private right of action available to enforce the Act. The decision of the trial court dismissing the action is affirmed on this basis. In light of our disposition, we need not reach the merits of this case.

The decision of the United States District Court for the District of Kansas is AFFIRMED.

---

**3.** The *Zajac* decision has been vacated pending rehearing en banc.