JARRETT RANCHES, INC., Jarrett Elevators, Inc., Donald D. Jarrett and Jeannine Jarrett, Husband and Wife; and Ronald R. Jarrett and Jacqueline Jarrett, Husband and Wife, Plaintiffs/Appellees,

v.

FARM CREDIT BANK OF OMAHA, Production Credit Association of Midlands, and Federal Land Bank Association of Aberdeen, Defendants/Appellants.

Civ. No. 89-1048.

United States District Court,
D. South Dakota, C.D.

Nov. 21, 1990.

Philip Morgan, Britton, S.D., Norman J. Baer, Terrence M. Fruth, Minneapolis, Minn., for plaintiffs, appellees.

Brent A. Wilbur, Timothy M. Engel, May, Adams, Gerdes & Thompson, Pierre, S.D., for defendants, appellants.

MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

## I. BACKGROUND

The plaintiffs/appellees [hereafter plaintiffs], Jarrett Ranches, Inc., Jarrett Elevators, Inc., Donald Jarrett, Jeannine Jarrett, Ronald Jarrett and Jacqueline Jarrett, brought suit in bankruptcy court seeking declaratory and injunctive relief against the defendants/appellants [hereafter defendants]. The Jarretts' cause of action was based on the defendants' alleged violations of the Agriculture Credit Act of 1987. 12 U.S.C. §§ 2001-2279aa-14 (1988). The United States Bankruptcy Court for the District of South Dakota granted the plaintiffs a preliminary injunction and later ruled in their favor on their claims. The defendants, Farm Credit Bank of Omaha, Production Credit Association of Midlands and the Federal Land Bank Association of Aberdeen, appeal these decisions.

The preliminary issue of this case is whether the Agriculture Credit Act of 1987 affords the plaintiffs an implied private right of action to enforce its provisions. Whether an implied private right of action exists is a question of law and, thus, the appropriate standard of review is de novo. *In re Arctic Enterprises, Inc.*, 68 B.R. 71, 74 n. 1 (Bankr.D.Minn.1986).

## II. FACTS

The plaintiffs had experienced financial difficulties and, as a result, they conveyed their interest in certain properties to the

defendants pursuant to a settlement agreement. This agreement was approved by the bankruptcy court. Notice was later given to the plaintiffs that the land was going to be sold. The plaintiffs then commenced an adversary action against the defendants requesting declaratory and injunctive relief. The plaintiffs alleged that the defendants had violated the right of first refusal provision of the Agriculture Credit Act of 1987 (Act). 12 U.S.C. § 2219a. Under this provision, if a borrower loses his land as a result of foreclosure or by voluntary conveyance to a Farm Credit System institution, the borrower is accorded certain rights with respect to the property. Among these rights is the right of first refusal if the land is sold at a private sale, a public auction or if it is leased. *Id.*

The bankruptcy court issued an order which preliminarily enjoined the defendants from selling the property. The defendants argued that there was no private right of action, express or implied, in the 1987 Act. But the bankruptcy court disagreed, finding that a private right of action was implied by the Act. *In re Jarrett Ranches, Inc.,* 107 B.R. 963, 969 (Bankr.D.S.D.1989). The court then decided that the defendants had violated the 1987 Act and granted summary judgment in favor of the plaintiffs. *In re Jarrett Ranches, Inc.,* 107 B.R. 969, 976 (Bankr.D.S.D.1989). This appeal followed.

### III. DISCUSSION

At the time this appeal was commenced the Eighth Circuit had ruled that Congress intended for farmer-borrowers to have a private right of action to enforce the borrowers' rights provisions of the Agriculture Credit Act of 1987. *Zajac v. Federal Land Bank of St. Paul,* 887 F.2d 844, 856 (8th Cir.1989) (*Zajac I*). However, the Eighth Circuit Court agreed to rehear the case en banc, and this case was placed in abeyance pending the en banc decision. After the rehearing, the Eighth Circuit reversed its former position and held that "there is no implied private right of action available to enforce the Act...." *Zajac v.*

*Federal Land Bank of St. Paul,* 909 F.2d 1181, 1183 (8th Cir.1990) (*Zajac II*).

In *Zajac II* the borrowers' claims were based on the debt restructuring rights of the 1987 Act. The plaintiffs in the present case seek to narrowly construe the *Zajac II* decision. They maintain that the decision only addresses the issue as to whether there is an implied private right of action to enforce the debt restructuring rights of the Act. As the plaintiffs point out, the defendants held this same position with regard to the *Zajac I* opinion. The plaintiffs further note that *Zajac II* relied on Ninth and Tenth Circuit decisions which also concerned the debt restructuring provisions of the Act. *Harper v. Federal Land Bank of Spokane,* 878 F.2d 1172 (9th Cir.1989); *Griffin v. Federal Land Bank of Wichita,* 902 F.2d 22 (10th Cir.1990). In contrast, the present case focuses on the right of first refusal provision. 12 U.S.C. § 2219a.

The issue, then, before this Court is whether the Eighth Circuit's decision in *Zajac II,* that there is no implied private right of action, applies to the provision of the Act giving borrowers the right of first refusal in a foreclosure action (§ 2219a), or only to the debt restructuring portion of the Act. This Court finds that the Eighth Circuit's decision is also applicable to § 2219a and, thus, the plaintiffs do not have a private right of action to enforce that section of the 1987 Act.

This Court first notes that the Eighth Circuit specifically stated that "there is no implied private right of action available to enforce the Act...." *Zajac II,* 909 F.2d at 1183. This language would seem to encompass the entire Act, not just the debt restructuring portion. Additionally, the Eighth Circuit stated that it "joined in the holdings" of the Ninth and Tenth Circuit cases which held that the Act does not provide an implied private right of action. *Id.* at 1182. The Ninth Circuit phrased the issue as "whether there is an implied private right of action to enforce the Agricultural Credit Act of 1987 ('1987 Act'), 12 U.S.C. §§ 2001–2279aa–14." *Harper,* 878 F.2d at 1173. The Court then held that "there is no implied private right of action

for the 1987 Act." *Id.* Again, this language makes no attempt to limit the holding to any particular section of the 1987 Act, but cites the entire Act.

This Court recognizes that the above cases concern the debt restructuring portions of the 1987 Act, not the right of first refusal, § 2219a, which is the issue in this case. However, the reasoning used by the Circuit Courts which led to their conclusion that no implied private right existed can also be applied to § 2219a. The Eighth and Ninth Circuit decisions both relied on the factors used by the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) to determine whether Congress intended to imply a private cause of action in a federal statute. *Harper,* 878 F.2d at 1174–77; *Zajac II,* 909 F.2d at 1182–83. This Court adopts the same analysis in support of its conclusion that the lack of a private right of action extends to § 2219a.

One of the factors cited in *Cort* is whether there is any indication of legislative intent to create or deny a remedy. *Cort,* 422 U.S. at 78, 95 S.Ct. at 2088. The Supreme Court has further stated that "unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988), quoting *Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 94, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750 (1981). Congressional intent is the ultimate issue. *Id.* The Ninth Circuit explained that both houses of Congress had proposed including an express private right of action in the 1987 Act. However, the private right of action was deleted in the final conference version. *Harper,* 878 F.2d at 1176. The Court found that this was persuasive evidence that Congress did not intend to create a private right of action. *Id. See also Zajac II,* 909 F.2d at 1182. The Ninth Circuit went on to note that Congress had given the Farm Credit Administration significant enforcement powers, including the power to assess criminal and civil sanctions to enforce the provisions of the Act. *Harper,* 878 F.2d at 1176, citing 12 U.S.C. §§ 2268(a), 2269. The Court decided that this was further evidence that Congress did not intend to create a private right of action.

Another factor listed in *Cort* is whether the cause of action is one which is "traditionally relegated to state law...." *Cort,* 422 U.S. at 78, 95 S.Ct. at 2088. The Eighth Circuit agreed with *Harper* when it concluded that "foreclosure is an area 'traditionally controlled by state law,' *Harper,* 878 F.2d at 1177, [and] 'it would be inappropriate to infer a [private] cause of action based solely on federal law,' *Cort,* 422 U.S. at 78, 95 S.Ct. at 2088." *Zajac II,* 909 F.2d at 1183.

The above analysis of two of the *Cort* factors would apply with equal weight to the right of first refusal provision. The congressional deletion of an express private right of action has considerable significance with respect to the entire act. In addition, although in this case the parties had reached a settlement agreement, the agreement was reached in order to avoid foreclosure. This Court must then follow the Eighth Circuit's example and join in its conclusion that no implied private right of action exists to enforce the provisions of the 1987 Act.

## IV. CONCLUSION

Based on its conclusion that the Agriculture Credit Act of 1987 does not provide the plaintiffs with a private right of action, this Court reverses the decision of the bankruptcy court which found that an implied private right existed. *In re Jarrett Ranches, Inc.,* 107 B.R. 963 (Bankr.D.S.D. 1989). This Court must also reverse the granting of summary judgment to the plaintiffs since the plaintiffs' claims were based on violations of the Act. *In re Jarrett Ranches, Inc.,* 107 B.R. 969 (Bankr.D. S.D.1989) ("All claimed violations fall under § 108 of the Act, codified at 12 U.S.C. § 2219a." *Id.* at 971.)

This Court accordingly remands the above case to the United States Bankrupt-

cy Court for the District of South Dakota for further proceedings consistent with this opinion.