**Jon E. SALTZMAN and Paul E. Saltzman, Plaintiffs–Appellants,**

v.

**FARM CREDIT SERVICES OF MID–AMERICA, ACA, Defendant–Appellee.**

**No. 90–3542.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 15, 1991.

Decided Dec. 9, 1991.

Paul J. Wallace, Bowers, Harrison, Kent & Miller, Evansville, Ind. and Eugene F. Mooney (argued), Mooney, Mooney & Mooney, Lexington, Ky., for plaintiffs-appellants.

R. Stephen LaPlante (argued), Stone, Keck, LaPlante & Folz, Evansville, Ind., for defendant-appellee.

Before BAUER, Chief Judge, and POSNER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

■ This is a case of first impression in this Circuit. The sole issue on appeal is whether an implied private right of action is available for alleged violations of the Agricultural Credit Act of 1987 (the Act), 12 U.S.C. §§ 2001 to 2279aa–14 (1988). Following decisions in the Eighth, Ninth, and Tenth Circuits, the district court found no implied private right of action under the Act and granted defendant's motion to dismiss. We now join these circuits and affirm the decision of the district court.

Jon and Paul Saltzman, owners of a farm in Indiana, sought to restructure their farm loans with Farm Credit Services of Mid–America (the lender). Both the lender and its farm credit review committee denied the application for restructuring and eventually the Saltzmans lost their farm through foreclosure. The Saltzmans here assert that, in denying their application, the lender failed to comply with borrowers' rights provisions in the Act that give farmers certain protections. Thus, they seek to enforce the Act by private right of action.

Three circuit courts of appeal have concluded that no express or implied private right of action exists under the Act. *See Zajac v. Federal Land Bank*, 909 F.2d 1181 (8th Cir.1990) (en banc); *Griffin v. Federal Land Bank*, 902 F.2d 22 (10th Cir.1990); *Harper v. Federal Land Bank*, 878 F.2d 1172 (9th Cir.1989), *cert. denied*, 493 U.S. 1057, 110 S.Ct. 867, 107 L.Ed.2d 951 (1990). Two district courts in this Circuit (in addition to the district court in this case) have concurred. *Walker v. Federal Land Bank*, 726 F.Supp. 211 (C.D.Ill.1989); *Hartman v. Farmers Production Credit Ass'n*, 628 F.Supp. 218 (S.D.Ind.1983).[1] Because these decisions provide extensive analysis of the issue, we limit our discussion to the essentials.

In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court delineated a four-part test for determining whether one may imply a private right of action under federal legislation: (1) Is the plaintiff one of the class for whose especial benefit the statute was enacted? (2) Is there any indication of legislative intent, explicit or implicit, to create or deny a remedy? (3) Is it consistent with the underlying purpose of the legislative scheme to imply a remedy? (4) Is the cause of action one traditionally relegated to state law so that it would be inappropriate to infer a federal cause of action? *Id.* at 78, 95 S.Ct. at 2088. Although the con-

---

**1.** *Hartman* actually dealt with the Farm Credit Act of 1971, a predecessor statute to the Agricultural Credit Act of 1987.

tinuing vitality of *Cort's* four-prong analysis has been questioned, *Thompson v. Thompson*, 484 U.S. 174, 188, 108 S.Ct. 513, 520–21, 98 L.Ed.2d 512 (1988) (Scalia, J., concurring), recent cases have continued to rely on it. *See id.* at 179, 108 S.Ct. at 516. Nonetheless, the Court has effectively converted the second factor, congressional intent, into the linchpin of its analysis, employing the remaining factors to simply shed light on intent. *See id.; Universities Research Ass'n, Inc. v. Coutu*, 450 U.S. 754, 771–72, 101 S.Ct. 1451, 1461–62, 67 L.Ed.2d 662 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 23–24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979). "The intent of Congress remains the ultimate issue ... and 'unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.'" *Thompson*, 484 U.S. at 179, 108 S.Ct. at 516 (quoting *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 94, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750 (1981)).

In the present case, the Saltzmans maintain that, although the Act provides some administrative remedies to ensure compliance with its provisions, Congress nonetheless intended to create an implied private right of action to supplement enforcement. In floor debate a handful of representatives expressed agreement with this position, *see, e.g.*, H.R. 3030, 100th Cong., 1st Sess., 133 Cong.Rec. 7638, 7692–93 (Sept. 21, 1987) (statements of Reps. Watkins and De La Garza referring to the Farm Credit Act of 1971), and the Saltzmans offer this evidence as the nub of their case. However, other evidence is far more probative of congressional intent. Most telling, Congress chose to delete a proposed private right of action provision from the final version of the Act, *see* H.R. 3030, 100th Cong., 1st Sess. 178, 133 Cong.Rec. 11820 (Dec. 18, 1987). This vote was taken against the backdrop of numerous court decisions (interpreting the Farm Credit Act of 1971) concluding no private right of ac-

tion was implied, *see, e.g., Bowling v. Block*, 785 F.2d 556, 557 (6th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986); *Smith v. Russellville Production Credit Ass'n*, 777 F.2d 1544, 1548 (11th Cir.1985) (1971 Act and regulations); *Hartman*, 628 F.Supp. at 222, which further suggests that Congress chose to ratify this judicial determination when adopting the 1987 Act. "The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986). Had it been so inclined, Congress could have set the record straight in 1987.

█ Aside from legislative history, our review of the Act's administrative regime convinces us that Congress provided precisely those remedies it considered appropriate. *See Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 15, 101 S.Ct. 2615, 2623–24, 69 L.Ed.2d 435 (1981). Statutorily created administrative remedies evince congressional intent not to provide a private cause of action. *Karahalios v. National Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 533–34, 109 S.Ct. 1282, 1287, 103 L.Ed.2d 539 (1989).

Here the administrative scheme provides borrowers with several procedural safeguards. Borrowers are entitled to prompt written notice of any action taken on restructuring applications, 12 U.S.C. § 2201(a), to a written explanation of the reasons for denial, *id.* § 2201(b), and to a review of the decision before a Credit Review Committee which must include farmer representation, *id.* §§ 2202(a)–(c). In addition, the Act provides for extensive enforcement powers by the Farm Credit Administration (e.g., the power to issue cease and desist orders, to suspend bank officers, to assess civil and criminal sanctions, *id.* §§ 2264–2269), further demonstrating that Congress developed a comprehensive remedial scheme.

In response, the Saltzmans argue the administrative scheme adopted by Congress leaves gaps in enforcement. The recommended solution: permitting enforcement by aggrieved borrowers. Perhaps this is not a bad idea, but it is policy judgment best left to Congress. Courts should forego engrafting amendments on a statute, no matter how salutary, that Congress expressed no intention to provide. *California v. Sierra Club,* 451 U.S. 287, 297, 101 S.Ct. 1775, 1781, 68 L.Ed.2d 101 (1981).

Because we are convinced that Congress did not intend to create an implied private right of action under the Agricultural Credit Act of 1987, we join other courts in finding that no private enforcement is permitted under the Act. In light of our disposition, we need not reach the merits of the case. The decision of the district court is AFFIRMED.