United States Court of Appeals,

Fifth Circuit.

No. 92-5177.

T.A. GRANT, III, Plaintiff-Appellant,

v.

FARM CREDIT BANK OF TEXAS, et al., Defendants-Appellees.

Dec. 3, 1993.

Appeal from the United States District Court for the Western District of Louisiana.

Before REYNALDO G. GARZA, JOLLY, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In 1983, Thomas A. Grant III, Suzanne Paxton, and James Steele, III (hereafter referred to collectively as "Grant") purchased approximately 37,000 acres of land in Morehouse, Ouachita, and Union Parishes, Louisiana, for about $36,000,000. Grant borrowed approximately half of the purchase price from the Federal Land Bank of Jackson ("FLBJ"). In exchange, Grant gave FLBJ a mortgage on 15,000 acres to secure the debt. After a few years, Grant fell behind in mortgage payments. To avoid foreclosure, Grant filed a lawsuit in 1986 against FLBJ and others in which Grant asserted various lender liability claims.

In May of 1988, the Farm Credit Administration appointed REW Enterprises ("REW") as the receiver for the FLBJ. In the summer of 1990, the district court granted REW summary judgment for the amounts due on the loans and recognized the mortgage. REW then conveyed its interest in the notes and the collateral to the Farm Credit Bank of Texas ("FCBT"). Shortly thereafter, FCBT seized the mortgaged property, selling the property at a public auction in which FCBT purchased the land for $14,000,000. In March 1992, FCBT notified Grant that it intended to sell the property and that Grant had a right of first refusal. In response, Grant offered to settle FCBT's claims against him by purchasing the property for $16,900,000, however, FCBT rejected this offer. Grant then filed this lawsuit in Louisiana State Court against FCBT, REW, the law firm of Milling, Benson, Woodward, Hillyer, Pierson, & Miller ("Milling Benson"), Wesley Slay, and Herbert Haynes, seeking damages

and a declaration of his rights to the property. The defendants removed the proceeding to federal court, where REW, Milling Benson, Slay and Haynes moved the court to dismiss the proceeding for failure to state a claim upon which relief could be granted. *See* FED.R.CIV.P. 12(b)(6). Meanwhile, the remaining defendant, FCBT, moved for summary judgment. The district court granted both motions and entered a final judgment against Grant.

On appeal, Grant contends that the Farm Credit Act of 1971 and its amendment, the Agricultural Credit Act of 1987, provides a private cause of action. We, however, elect to follow the other circuits that have already determined this issue, and hold that the Farm Credit Act does not confer a private cause of action. *See Saltzman v. Farm Credit Services,* 950 F.2d 466 (7th Cir.1991); *Zajac v. Federal Land Bank,* 909 F.2d 1181 (8th Cir.1990) (en banc); *Griffin v. Federal Land Bank,* 902 F.2d 22 (10th Cir.1990); *Harper v. Federal Land Bank,* 878 F.2d 1172 (9th Cir.1989); *see also Redd v. Federal Land Bank,* 851 F.2d 219 (8th Cir.1988); *Bowling v. Block,* 785 F.2d 556 (6th Cir.1986); *Smith v. Russellville Production Credit Assn,* 777 F.2d 1544 (11th Cir.1985).

Grant also contends that the district court erred when it found that Grant did not state a claim under state tort law. After study of the briefs, argument of counsel, and review of the relevant parts of the record, we are convinced that the trial court committed no reversible error. The district court's judgment is therefore

AFFIRMED.