53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 M. Rex LUFT, Janice Luft, Plaintiffs-Appellants,
v.
FARMERS HOME ADMINISTRATION, CENTURY BANK OF STERLING,
Defendants-Appellees.
 No. 94-1476.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 M. Rex Luft and Janice Luft (the Lufts) appeal from the district court's Order granting Appellees', Key Bank of Colorado (Key Bank), formerly Century Bank of Sterling, and the Farmers Home Administration (FHA), motions to dismiss.
 
 
 3
 The Lufts brought this action against Appellees for damages and other relief stemming from the foreclosure and transfer of their farmstead. The Lufts alleged noncompliance with the Agricultural Farm Credit Act of 1987 (the Act). The district court granted the Appellees' motions to dismiss on the grounds that no private right of action exists for violations of the Act and, therefore, the court lacked subject matter jurisdiction.
 
 
 4
 On appeal, the Lufts contend that: (1) they have the right to affirmatively defend against the loss of their farmstead where the FHA and Key Bank failed to offer the Lufts those rights enumerated in federal law and the relevant federal rules which structure the relationship between a farmer-borrower and the FHA, as well as guaranteed lenders; (2) they were denied their third-party-beneficiary contract rights under the Lender's Agreement and the Loan Note Guarantee; (3) FHA and Key Bank cannot avoid federal subject matter jurisdiction by use of a Notice to Remove. The Lufts assert that in the interests of justice the case should be transferred in part to the United States Claims Court and the balance remanded to the state court.
 
 
 5
 We recognize that the Act does not provide a private right of action. Griffin v. Federal Land Bank of Wichita, 902 F.2d 22, 24 (10th Cir.1990). The exclusive remedy for a violation of the borrower's rights under the Act is administrative review. Zajac v. Federal Land Bank of St. Paul, 909 F.2d 1181, 1183 (8th Cir.1990).
 
 
 6
 Therefore, we AFFIRM for substantially the reasons set forth in the district court's Order entered August 31, 1994.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470