**GFI GENFARE, a Unit of General Signal Corporation, a New York corporation, Plaintiff,**

v.

**REGIONAL TRANSPORTATION AUTHORITY, a municipal corporation; Pace, suburban bus division of the Regional Transportation Authority; and Cubic Automatic Revenue Collection Group, a California corporation, Defendants.**

No. 96 C 3031.

United States District Court, N.D. Illinois, Eastern Division.

July 9, 1996.

Michael Silverman, Robert Edward Haney, Mark A. Pellegrino, Kwiatt & Silverman, Ltd., Chicago, IL, for GFI Genfare.

Clifford L. Weaver, Christopher James Murdoch, Robert C. Newman, Burke, Weaver & Prell, Chicago, IL, for Regional Transportation Authority, Pace.

John J. George, Michael Daley, Mark G. Vanecko, Daley and George, Ltd., Chicago, IL, Robert T. Oleszkiewicz, Dennis J. Aukstik, Chris Anthony Leach, Richard A. Toth, Catherine Wilson Murnane, Daley & George Ltd., Chicago, IL, for Cubic Automatic Revenue Collection Group.

*MEMORANDUM OPINION*
*AND ORDER*

ASPEN, Chief Judge:

In October 1993, after seeking competitive bids, the Chicago Transit Authority (CTA) awarded a contract to procure an automatic fare collection system that would read magnetically-encoded passes in lieu of collecting tokens and transfers. In May 1996, the suburban Regional Transportation Authority (RTA) awarded a procurement contract for the same system from the same supplier selected by the CTA, Cubic Automatic Revenue Collection Group. This time, however, no competitive bidding process was used, and the disappointed supplier, GFI Genfare, now brings this action against Cubic, the RTA, and the RTA's bus division, PACE. Presently before this court is the defendants' motion to dismiss GFI's federal claim. For the reasons set forth below, we grant the motion.

## I. Background

■ In evaluating this motion to dismiss, we take as true the allegations and their reasonable inferences, *Cornfield v. Consolidated High Sch. Dist. 230*, 991 F.2d 1316, 1324 (7th Cir.1993), and we consider exhibits incorporated into the complaint, *Webster v. New Lenox Sch. Dist. 122*, 917 F.2d 1004, 1005 (7th Cir.1990). Both GFI and Cubic design, manufacture, and sell bus fare processing and collection equipment. Am. Compl. ¶¶ 4, 7. PACE is the suburban bus division of the RTA, a municipal corporation responsible for providing public transportation within various Illinois counties. *Id.* ¶ 6.

On May 14, 1996, PACE entered into a procurement contract with Cubic for the purchase and installation of a "Pass Reader System" for its buses. *Id.* ¶ 15. GFI claims that, because PACE will use Federal Transit Administration (FTA)[1] funds to pay for part of the system, the contract awarded by PACE is governed by Department of Transportation regulations, 49 C.F.R. §§ 18.1–18.52 (1995), including a regulation requiring "full and open competition" in awarding such procurement contracts, § 18.36(c). The defendants now move to dismiss this federal claim, arguing that there exists no private right of action under the regulation.[2]

## II. Discussion

■ In determining whether an agency regulation—rather than a statute—provides for an implied private right of action, we first ask whether the statutes authorizing the regulation's promulgation allow for such an implication. *Ashbrook v. Block*, 917 F.2d 918, 926 (6th Cir.1990); *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939, 947 (3d Cir.), *cert. denied*, 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985). If an implied right of action is permissible under the governing statutes, we then inquire whether the agency regulation itself should be read to

---

1. The FTA "is an administration in the Department of Transportation." 49 U.S.C. § 107(a).

2. Although the plaintiff's response brief discusses subject matter jurisdiction, the defendants never challenged the existence of jurisdiction; indeed, the defendants recognize that the suit is properly premised on diversity jurisdiction independently of federal question jurisdiction. Defs.' Reply at 2.

include an implied right of action. *Ashbrook*, 917 F.2d at 926; *Angelastro*, 764 F.2d at 947. In the instant case, our analysis ends with the first inquiry because we find that the pertinent statutes do not permit a private cause of action.

■■■■ *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975), provides the now-familiar, albeit oft-questioned, analysis used to determine whether a private action may be implied under a statute:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted"—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. at 2088 (citations omitted). The party seeking to invoke an implied right of action bears the burden of showing that Congress intended to make available such an action. *Suter v. Artist M.*, 503 U.S. 347, 363–64, 112 S.Ct. 1360, 1370, 118 L.Ed.2d 1 (1992). Indeed, congressional intent is the "most important inquiry" in the analysis, *id.* at 364, 112 S.Ct. at 1370; *Knapp v. Eagle Property Man. Corp.*, 54 F.3d 1272, 1277 (7th Cir.1995), and the other factors "simply shed light on intent," *Saltzman v. Farm Credit Servs. of Mid–Amer.*, 950 F.2d 466, 468 (7th Cir.1991).

The plaintiff fails to point to any indication that Congress intended to make a private right of action available to enforce competitive bidding requirements for contracts involving Department of Transportation grants. Indeed, GFI does not even specify which statute we should expose to the *Cort* analysis,[3] nor does the plaintiff cite to any legislative history. According to Part 18 of the Department of Transportation's regulations, the authority for promulgating § 18.36 is 49 U.S.C. § 322(a). Section 322(a) generally enables the Secretary of Transportation to "prescribe regulations to carry out the duties and powers of the Secretary." This type of general enabling statute typically does not reflect congressional intent to provide for private causes of action, *see Ashbrook*, 917 F.2d at 926,[4] nor does § 322(a)

---

**3.** Worse, GFI comes perilously close to forfeiting the implied right of action issue by devoting to that issue a mere three sentences, two of which conclusorily ask this court to ignore an Eastern District of New York opinion (we discuss that opinion *infra* ), while the third states in its entirety: "Specifically, 49 CFR § 18.36(b)(11) provides that actions should be brought either to the federal agency or to state or to **federal courts** depending on whether state or federal law is allegedly violated. (emphasis added)." Pl.'s Resp. at 5. By stating that its emphasis on "federal courts" is "added," the plaintiff's brief could be read as asserting that the phrase "federal courts" actually appears in § 18.36(b)(11). It does not:

> Grantees and subgrantees alone will be responsible, in accordance with good administrative practice and sound business judgment, for the settlement of all contractual and administrative issues arising out of procurements. These issues include, but are not limited to source evaluation, protests, disputes, and claims. These standards do not relieve the grantee or subgrantee of any contractual responsibilities under its contracts. Federal agencies will not substitute their judgment for that of the grantee or subgrantee unless the matter is primarily a Federal concern. Viola-

tions of law will be referred to the local, State, or Federal authority having proper jurisdiction.

§ 18.36(b)(11).

We reject the plaintiff's sleight-of-hand argument. The subsection does not equate "the local, State, or Federal authority having proper jurisdiction" to the local, state, or federal *court* with jurisdiction. Nor does the subsection speak of "actions" or lawsuits of any kind, but rather states that the federal agency will "refer[ ]" violations to the proper "authority," which we doubt includes local, state, or federal courts. To the extent that the plaintiff is paraphrasing a sentence from the Eastern District of New York opinion, *compare* Pl.'s Resp. at 5 *with 24 Hour Fuel Oil Corp. v. Long Island R.R.*, 903 F.Supp. 393, 398 (E.D.N.Y.1995), that court expressly held that there is no implied right of action under § 18.36.

**4.** Although the plaintiff does not identify any other statutes from which a right of action may be implied to enforce § 18.36(c)'s competitive process requirement, chapter 53 of the title governing the Department of Transportation does generally provide for "competitive procurement" when grants bestowed by the Secretary are used

## 1052

create any special class of protected persons or establish a legislative scheme against which we could measure the propriety of an implied right of action. Finally, procurement by local or state governments remains a matter predominantly entrusted to the respective governments, even when federal dollars are expended. *See* 49 C.F.R. § 18.36(b)(1), (11)–(12). Accordingly, we hold that there exists no private right of action to enforce § 18.36.

One other district court has reached this conclusion, and although it applied *Cort* directly to § 18.36 in order to determine whether the agency intended to create an implied private right of action, we agree in large part with that court's application. *24 Hour Fuel Oil Corp. v. Long Island R.R.*, 903 F.Supp. 393 (E.D.N.Y.1995). In *24 Hour Fuel*, the Long Island Rail Road (LIRR) sought bids for a contract to supply the LIRR with diesel fuel. *Id.* at 394. In response to the invitation, the 24 Hour Fuel Oil Corporation originally posted the lowest bid. *Id.* at 395. In light of perceived problems with the original bid process, however, the LIRR called for a re-bid, rather than accept 24 Hour Fuel's bid. *Id.* The LIRR eventually awarded the contract to 24 Hour Fuel on the re-bid, but under terms less favorable to the fuel company than those under the original bid. 24 Hour Fuel brought suit, claiming that the LIRR violated § 18.36 by failing to award a contract under the original bid and failing to provide sound documented reasons for rejecting the first bid. *Id.* at 396–97.

In applying *Cort*, the court in *24 Hour Fuel* first pointed to the regulation expressing Part 18's purpose and scope: "This part establishes uniform administrative rules for Federal grants . . . to State, local and Indian tribal governments." § 18.1; *see 24 Hour Fuel*, 903 F.Supp. at 398. The court concluded that the regulations sought uniformity and "protect[ed] the agency throughout the procurement process," *id.*, and was not intended

to specially protect disappointed suppliers. Second, the court found no intent to create a private remedy for violations. Indeed, the court reasoned, the various provisions of § 18.36 make clear that, " 'unless the matter is primarily a Federal concern,' " the regulation does not "alter . . . the balance between federal and state law." *Id.* (quoting § 18.36(b)(11)). Third, the court decided that it would be inconsistent with Part 18's purposes to imply a private cause of action in light of explicit authorization in § 18.43 for the *agency* to pursue remedies. *Id.*[5] Finally, the court noted the availability of other forums, including state courts and the federal agency itself, to provide review without federal courts.

Without any detailed argument to the contrary, GFI declares that "[t]he mere fact that a New York district court determined that Section 18.36 of Title 49 does not create a private right for parties complaining of public contract awards, does not require this Court to make the same determination." Pl.'s Resp. at 5. Absent any reason to do otherwise, and because we agree with *24 Hour Fuel* that no private cause of action exists to enforce § 18.36, we grant the defendants' motion to dismiss the federal claim.

### III. Conclusion

For the reasons discussed above, we dismiss the federal claim as to all defendants. It is so ordered.

---

for certain mass transportation projects. 49 U.S.C. § 5307(d)(1)(E)(i). However, § 5307 also provides for administrative mechanisms to enforce the procurement process requirements, § 5307(i), thus suggesting that Congress did not intend for additional extra-statutorily created remedies, *see Saltzman*, 950 F.2d at 468.

**5.** Although the court in *24 Hour Fuel* noted in passing that § 18.36(b)(11) permits actions to enforce other violations of federal law in federal court, *but see supra* n. 3, the court held that violations of § 18.36 itself were not enforceable via a private cause of action in federal court.