

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-1997

# Wagner v. Pennwest Farm Credit

Precedential or Non-Precedential:

Docket 96-3197,96-3198,96-3199

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Wagner v. Pennwest Farm Credit" (1997). *1997 Decisions.* Paper 74.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/74

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

—————————

No. 96–3197

—————————

DEWEY A. WAGNER,
                    Appellant
          v.

PENNWEST FARM CREDIT, ACA; A CORPORATION

—————————

No. 96–3198

—————————

DEWEY A. WAGNER,
                    Appellant
          v.

PENNWEST FARM CREDIT, ACA; A CORPORATION;
GARY J. GAERTNER, Trustee; JAMES L. WITHERUP;
KATHY L. WEAVER

—————————

No. 96–3199

—————————

DEWEY A. WAGNER,
                    Appellant
          v.

PENNWEST FARM CREDIT, ACA; A CORPORATION

—————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 95-cv-00006E, 95-cv-00007E, 95-cv-00008E)

—————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 1997

Before: SLOVITER, Chief Judge,
STAPLETON and ALDISERT, Circuit Judges

(Opinion filed  April 2, 1997)

1

Stephen H. Hutzelman
Shapira, Hutzelman, Berlin & May
Erie, PA  16507

       Attorney for Appellant


Louis J. Stack
Shafer, Swick, Bailey, Irwin,
  Stack & Millin
Meadville, PA  16335

       Attorney for Appellee
       Pennwest Farm Credit

Henry W. Gent, III
Gent, Gent & Snyder
Franklin, PA  16323

       Attorney for Appellees
       James L. Witherup and
       Kathy L. Weaver

<u>OPINION OF THE COURT</u>

SLOVITER, Chief Judge.

This appeal comes before us on the contention of appellant Dewey A. Wagner that the bankruptcy court, in an order affirmed by the district court, erred in holding that debtor Wagner's statutory right of first refusal under the Agricultural Credit Act ("ACA" or "Act"), 12 U.S.C. § 2001--2279aa-14 (1988), was not property of the bankruptcy estate. In order to decide that issue we confront the underlying question whether there is an implied private right of action under the Agricultural Credit Act, an issue this court has not yet decided.

## I.

Most of the facts in this case relevant to that issue are not in dispute. On April 4, 1980, Wagner signed a loan agreement with PennWest Farm Credit, ACA, ("PennWest"), secured by a mortgage on a nineteen acre piece of property in Venango County, Pennsylvania. PennWest is a corporation organized and existing under the federal Farm Credit System. See 12 U.S.C. § 2091. After Wagner defaulted on the payments due, PennWest obtained judgment against Wagner in the Venango County Court of Common Pleas and took title to the property following a sheriff's sale.

The ACA requires an institution of the Farm Credit System that acquires agricultural real estate as a result of a loan foreclosure to provide the previous owner a right of first refusal. See 12 U.S.C. § 2219a(a). This is effected by requiring an institution that elects to sell acquired real estate to notify the previous owner within fifteen days of such election

3

of that owner's right to purchase the property at its fair market value as established by an accredited appraiser or to offer to purchase it at a lesser price. See 12 U.S.C. § 2219a(b)(1). If the previous owner offers to purchase the property at the appraised value within thirty days after receiving the notice of first refusal, the Act requires that the institution "shall, within 15 days after the receipt of such offer, accept such offer and sell the property to the previous owner." 12 U.S.C. § 2219a(b)(3). If the previous owner's offer is for less than the appraised value, the institution must notify the previous owner within fifteen days whether it is accepting or rejecting that bid. See 12 U.S.C. § 2219a(b)(4).

PennWest's certified appraiser valued the property at $65,000. By letter dated November 16, 1993, PennWest offered to sell back the property to Wagner at $65,000. The terms set forth in PennWest's letter were cash sale, with the sale to be closed within fifteen days of PennWest's receipt of Wagner's offer. Wagner did submit an offer to purchase the property at the appraised price, but he did not close within the fifteen days nor within the two deadline extensions ending on March 3, 1994.

PennWest then began a competitive bidding process, and advertised in several newspapers that it was accepting a minimum $65,000 bid on the property. There were approximately fifty inquirers and information packets were sent to each of them. Because there were no bids at that price, PennWest eliminated the minimum bid requirement entirely and sent a second bid packet to the same fifty inquirers, requesting them to submit bids by May

4

4, 1994. The highest bid received was from James Witherup and Kathy Weaver ("the Buyers") in the amount of $44,000.

By letter of May 9, 1994, PennWest advised Wagner that it had accepted a bid for $44,000 and that he had a statutory right of first refusal under the same terms and conditions, which included a cash sale to be closed within fifteen days of receipt of the offer. Wagner exercised his right of first refusal and made a timely offer to purchase the property for $44,000. The closing date was fixed for June 29, 1994. However, Wagner did not tender the sales price on that day. Upon inquiry, Jeffrey Trotten, Wagner's agent, told PennWest's representative that Wagner had withdrawn his application for financing the day before.

Instead, Wagner followed a different course. On June 29, the day fixed for the closing, Wagner filed a quiet title action in Venango County which prevented PennWest from selling the property to the Buyers. Then, on July 12, 1994 Wagner filed a petition under Chapter 12 of the Bankruptcy Code. Wagner also filed a determination of property rights in the bankruptcy court, stating a claim almost identical to that in his quiet title action. His quiet title action was removed to the bankruptcy court as an adversary proceeding.

On September 14, 1994, a hearing was held in the bankruptcy court in which three matters were raised: the removed quiet title action, the action for determination of property rights, and PennWest's request for relief from the automatic stay. The bankruptcy court found that Wagner had been adequately

5

informed by PennWest of his rights of first refusal and that Wagner had failed to exercise those rights in a timely manner. Bankruptcy Ct. Op. (Nov. 23, 1994).  Since Wagner's right of first refusal had expired, the bankruptcy court concluded that Wagner's property was no longer part of the bankruptcy estate. Id.

Wagner appealed this order to the district court, arguing that his right of first refusal had not expired because PennWest failed to follow required statutory procedures. Specifically, Wagner argued that PennWest violated the ACA by requiring that the closing occur within fifteen days and by failing to provide Wagner with the terms and conditions of the competitive bidding process.  The district court affirmed, holding that Wagner had failed to close within a timely manner so lost his right of first refusal.  See Dist. Ct. Op. at 19 (Feb. 29, 1996).  Wagner appeals to this court.

## II.

Wagner recognizes that the initial question on this appeal is whether the right of first refusal provided under the ACA is property of the bankruptcy estate.  See Appellant's brief at 15.  Subsumed in Wagner's argument that PennWest failed to comply with the mandatory notification to him as required by 12 U.S.C. § 2219a(d)(1) is the implicit assumption that Wagner would have a cause of action for that violation.  The district court noted that there is "an emerging line of authority which holds that there is no express or implied private right of action under the Agricultural Credit Act of 1987," Dist. Ct. Op. at 9 n.2, but

6

did not decide the issue since neither party had raised it. Instead, the district court turned to the merits of Wagner's claim. After affirming the bankruptcy court's decision that PennWest's use of an in-house appraiser was permissible, the district court reviewed seriatim each of Wagner's claims as to PennWest's alleged failure to comply with the ACA and rejected them, holding that Wagner's right of first refusal expired prior to his bankruptcy filing. Id. at 9-19.

PennWest now argues on appeal that the bankruptcy and district courts should have dismissed Wagner's actions for failure to state a claim since the ACA provides no private right of action. We are cognizant that PennWest did not raise this issue in the district court. While we will ordinarily not consider issues raised for the first time on appeal, we have recognized that in exceptional circumstances we may consider such issues if it would be just under the circumstances. O'Neill v. United States, 411 F.2d 139, 143-44 (3d Cir. 1969). In this case, the existence (or, more accurately, the non-existence) of a private right of action under the ACA is so fundamental to the claims alleged in the district court that we cannot address the issues raised by the parties without first deciding whether there is a private right of action. Furthermore, an appellate court may uphold a judgment on any proper theory, even if not raised by the parties first in the district court, as long as there is no prejudice to the other party. See Altman v. Altman, 653 F.2d 755, 758 (citing Jurinko v. Edwin L Weingard Co., 477 F.2d 1038 (3d Cir.), vacated on other grounds, 414 U.S. 970 (1973)).

7

The issue of whether there is such a private right of action has been considered by at least seven courts of appeals. They have uniformly held that there is no private right of action under the ACA or its predecessor, The Farm Credit Act of 1971. See Grant v. Farm Credit Bank of Texas, 8 F.3d 295, 296 (5th Cir. 1993); Saltzman v. Farm Credit Services of Mid-America, ACA, 950 F.2d 466, 467-69 (7th Cir. 1991); Zajac v. Federal Land Bank of St. Paul, 909 F.2d 1181, 1182-83 (8th Cir. 1990)(en banc); Griffin v. Federal Land Bank of Wichita, 902 F.2d 22, 24 (10th Cir. 1990); Harper v. Federal Land Bank of Spokane, 878 F.2d 1172, 1177 (9th Cir. 1989), cert. denied, 498 U.S. 1057 (1990); Bowling v. Block, 785 F.2d 556, 557 (6th Cir.)(holding that the Farm Credit Act of 1971, the precursor to the ACA, has no private right of action), cert. denied sub nom., Bower v. Lyng, 479 U.S. 829 (1986); Smith v. Russellville Production Credit Ass'n, 777 F.2d 1544 (11th Cir. 1985); cf. Jarrett Ranches, Inc. v. Farm Credit Bank of Omaha, 128 B.R. 263, 264-65 (N.D.S.D. 1990) (specifically finding no private right of action afforded to farmer/borrowers under the ACA to enforce their rights of first refusal); Rennick Brothers, Inc. v. Federal Land Bank Ass'n of Dodge City, 721 F. Supp. 1198, 1200 (D.Kan. 1989); Neth v. Federal Land Bank of Jackson, 717 F. Supp. 1478, 1479 (S.D. Ala. 1988).

In light of such an array of precedent, we would require a compelling basis to hold otherwise before effecting a circuit split. Nonetheless, we examine the issue independently and find no reason to disagree with the other courts.

The Supreme Court's decision in Cort v. Ash, 422 U.S. 66, 78 (1975), set forth four factors for determining whether a federal statute provides a private cause of action. "First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted' . . . ?  Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?  Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?  And finally, is the cause of action one traditionally relegated to state law . . . ?"  Id. (citations omitted).  In a later opinion, the Court explained that the "focal point" for finding a private right of action is congressional intent in enacting the statute.  Thompson v. Thompson, 484 U.S. 174, 179 (1988).  The Court stated, "unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist."  Id. (internal quotations omitted).

In applying this mode of analysis to the Agricultural Credit Act, the most persuasive indication of legislative intent is Congress's decision to delete a proposed private right of action provision from the final version of the Act.  In Harper, one of the earliest appellate decisions under the ACA, the Court of Appeals for the Ninth Circuit reviewed the legislative history of the ACA.  The court noted that the House version of the bill contained an express private right of action, that some Senators also sought to include such a provision and that ultimately

9

"[t]he Senate opposed the House provision and it was deleted from the final 1987 Act. H.R. 3030, 100th Cong., 1st Sess., 133 Cong. Rec. 11820 (December 18, 1987)." 878 F.2d at 1175. The Ninth Circuit recognized that there were some ambiguous statements on the Senate floor that suggested that some legislators may have been under the impression that such a right of action already existed, but the court stated that it was clear "that there existed no implied private right of action under the various predecessor statutes or regulations in force prior to the 1987 Act." Id. The court cited the Supreme Court's statement in Midlantic Nat'l. Bank v. New Jersey Dept. of Envtl. Protection, 474 U.S. 494, 501 (1986), that "[t]he normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." Harper, 878 F.2d at 1176.

The decision of the Court of Appeals for the Seventh Circuit in Saltzman, 950 F.2d at 468, also focused on the deletion of the express provision for a private right of action. The court noted that this deletion took place "against the backdrop of numerous court decisions (interpreting the Farm Credit Act of 1971) concluding no private right of action was implied," and viewed this as bolstering the conclusion that Congress did not intend an implied right of action under the ACA. Id.

The issue was also the subject of an en banc decision in the Eighth Circuit where the court held, over a vigorous dissent, that there was no private right of action. Zajac, 909

10

F.2d at 1182-83. The court noted that Congress enacted a comprehensive legislative scheme which, by the absence of any specific provisions for a private right of action, militates against finding a private remedy. Indeed, as the Zajac court pointed out, it would be inappropriate to infer a private right of action in the area of foreclosure, which is an area traditionally controlled by state law. See id.

We are aware of only one district court decision that has not been overturned holding that the ACA establishes a private right of action. See Leckband v. Naylor, 715 F. Supp. 1451, 1453 (D.Minn. 1988). However, the Eighth Circuit's decision in Zajac came later and thus is dispositive. In any event, the reasoning in Leckband has been rejected by the numerous appellate decisions that followed.

We can find no persuasive basis for rejecting the reasoned analysis of the numerous courts that have addressed this issue. We join them in holding that the Agricultural Credit Act does not contain an implied private right of action. It follows that Wagner had no asset in the right of first refusal when the matter came before the bankruptcy court.

## III.

For the reasons set forth we do not address the merits of Wagner's claim that PennWest did not comply with the statutory right of first refusal and we will affirm the judgment of the district court, albeit for reasons other than those on which it decided.

11